**SUPERIOR TRANS–MED, INC., Relator,**

v.

**Honorable Judge Gary HALL, Judge of the 68th Judicial District Court, Respondent.**

**No. 05–84–01149–CV.**

Court of Appeals of Texas, Dallas.

Nov. 28, 1984.

G. Leroy Street, Daniel P. Donovan, Geary, Stahl & Spencer, Dallas, for relator.

Werner A. Powers, Daniel E. Westbrook, Haynes & Boone, Dallas, for respondent.

Before GUITTARD, C.J., and VANCE and ALLEN, JJ.

GUITTARD, Chief Justice.

Superior Trans-Med, Inc., relator, petitions this court for a writ of mandamus directing Judge Gary Hall of the 68th District Court to vacate his order compelling relator to answer requests for admissions. The writ is denied and the stay order entered pending the hearing of the writ is vacated.

Superior Trans-Med, Inc. is one of several defendants in a suit brought by Aerotrans Corporation and Amtech Group, Ltd., (collectively referred to as Aerotrans). Aerotrans sued the State of California for breach of a contract for the manufacture and sale to the State of a large number of buses. Aerotrans alleged that Superior acted as its agent in this transaction. Alternatively, Aerotrans alleged that if Superior did not act as its agent, then Superior contracted to purchase the vehicles for resale and, therefore, is liable for the purchase price. Superior has answered, pleading that it acted solely as agent for Aerotrans, and alternatively, if it did act as purchaser, Aerotrans is not entitled to damages because the buses did not conform to the contract and, for that reason, acceptance of all but twelve of them was properly revoked.

Aerotrans then filed a series of requests for admissions under rule 169 of the Texas Rules of Civil Procedure. Among these were the following:

1. That Defendant Superior Trans-Med, Inc. agreed to purchase the vehicles that are the subject of this lawsuit.

2. That Defendant Superior Trans-Med, Inc. never agreed to purchase the vehicles that are the subject of this lawsuit.

3. That Defendant Superior Trans-Med, Inc. never acted as a broker or agent on behalf of Plaintiff Aerotrans Corporation with respect to the sale of the vehicles that are the subject of this lawsuit.

4. That Defendant Superior Trans-Med, Inc. only acted as a broker or agent on behalf of Plaintiff Aerotrans Corporation with respect to the vehicles that are the subject of this lawsuit.

Superior denied the third of these requests, but, with respect to each of the others, answered that it "cannot truthfully admit or deny the matter ... for the reason that the matter is genuinely in issue in this cause."

Aerotrans filed a motion to compel answers to its requests, which the respondent Judge Hall granted. Respondent's order directs Superior to either admit or deny the requests and that it "shall not qualify its response in any form or fashion."

This order prompted the present petition for mandamus. Superior contends that it cannot properly be ordered to admit or deny the requests without qualification in view of the provision of rule 169 that "when good faith requires that a party qualify his answer or deny only a part of the matter ... he shall specify so much of it as is true and qualify or deny the remainder." Superior argues further that it has no adequate remedy by appeal because the effect of the judge's order will be to deprive it of its alternative defense of revocation of acceptance of the buses, which it would have no standing to raise if it admits that it was an agent rather than a purchaser or if the request to admit its agency is deemed admitted by its failure to answer without qualification.

■ We conclude that in this situation an appellate court should not interfere with the conduct of the case by the trial judge. If Superior is improperly deprived of an alternative defense, the judge's ruling may be reversed on appeal and the case may be remanded for a new trial so that the defense may be properly presented, just as if this pleaded defense had been improperly

struck on exceptions. It would be an intolerable interference with the dispatch of litigation in the trial courts and a serious obstacle to prompt disposition of appeals in other cases if discovery proceedings were subject to pre-trial review by mandamus in a case like the present.

We recognize that mandamus is a proper remedy in cases of denial of a privilege or other compelling circumstance where compliance with a trial judge's unauthorized discovery order cannot be rectified by reversal and new trial. *See General Motors Corp. v. Lawrence*, 651 S.W.2d 732, 733–34 (Tex.1983) (production of great mass of irrelevant material); *Commercial Travelers Life Ins. Co. v. Spears*, 484 S.W.2d 577, 579 (Tex.1972) (irrelevant information permitting solicitation of persons who would not be proper parties to law suit); *Russell v. Young*, 452 S.W.2d 434, 436–37 (Tex.1970) (production of voluminous records of medical witness sought for impeachment only); *Crane v. Tunks*, 160 Tex. 182, 328 S.W.2d 434, 439–40 (1959) (production of income tax returns without in-camera inspection to determine relevancy); *Menton v. Lattimore*, 667 S.W.2d 335, 339 (Tex.App.—Fort Worth 1984, no writ) (work product of attorney). Superior has cited no authority supporting issuance of a writ of mandamus with respect to a discovery order in circumstances comparable to those here. We conclude that the order in question is one within the "thicket" of incidental pre-trial rulings which appellate courts cannot enter without serious disruption of the orderly process of trial and appeals. *See Pope v. Ferguson*, 445 S.W.2d 950, 954 (Tex.1969), *cert. denied*, 397 U.S. 997, 90 S.Ct. 1138, 25 L.Ed.2d 405 (1970).

Accordingly, we do not reach the questions of whether the requests of Aerotrans were proper, whether Superior could properly refuse to admit them because they were "matters genuinely in issue," or whether the trial court's order was authorized by rule 215(4) of the Texas Rules of Civil Procedure, which specifies the sanctions available for failure to answer requests for admission under rule 169. We hold only that mandamus is not a proper remedy for review of that order.

Writ of mandamus denied.