**LONE STAR LIFE INSURANCE COMPANY, Relator,**

v.

**Honorable John STREET, Judge, 352nd District Court, Tarrant County, Texas, Respondent.**

**No. 2-85-228-CV.**

Court of Appeals of Texas, Fort Worth.

Feb. 13, 1986.

Strasburger & Price and E. Thomas Bishop and Mark M. Donheiser, Dallas, for relator.

Alley & Alley and Richard Alley and Travis Alley, Don Prager, Fort Worth, for respondent.

Before ASHWORTH, JOE SPURLOCK, II and HILL, JJ.

OPINION

HILL, Justice.

In this original proceeding, Lone Star Life Insurance Company seeks a writ of mandamus compelling the Honorable John Street, Judge of the 352nd District Court of Tarrant County, to vacate his order of September 5, 1985, deeming certain requests for admissions admitted and ordering Lone Star to pay $1,050 in attorney's fees as sanctions for not timely filing answers to interrogatories. Lone Star faced the threat of a default judgment if the attorney's fees were not paid.

We conditionally grant the writ, because we find that the trial court abused its discretion in ordering sanctions for failure to timely answer the interrogatories in view of Lone Star's timely objections. We also find that in this case the judge's order deeming the admissions admitted is an incidental trial ruling with which we will not interfere because there is an adequate remedy by appeal.

On April 10, 1983, Cremean's estate, the real party in interest, hereinafter referred to as Cremean, served its first set of written interrogatories and request for admissions on Lone Star. There were seventeen interrogatories with a number of subparts, and there were 57 requests for admissions. Lone Star timely filed what it styled a Motion to Quash and for Protective Order, asking the court to quash the interrogatories and request for admissions, or, alternatively, to limit them or to delay the time for answering them until all other discovery had been completed. Cremean later filed a motion to compel and a motion for sanctions. There were subsequent responses and supplements to these motions. One day prior to hearing on these matters, Lone Star filed answers to interrogatories and responses to request for admissions, subject to its objections which had been filed.

At the hearing, the trial judge held that the requests for admissions had been deemed admitted because Lone Star had objected in general to there being too many requests for admissions rather than objecting specifically to each individual request. The trial judge imposed the sanction of $1,050 in attorney's fees for Lone Star's failure to timely answer the interrogatories, including in his order that if the attorney's fees were not paid by 5:00 p.m. September 23, 1985, that the court would strike Lone Star's pleadings and grant Cremean a default judgment.

■ Cremean questions our mandamus jurisdiction in the case of discovery sanctions, citing TEX.R.CIV.P. 215(3) which provides that "[s]uch order of sanction shall be subject to review on appeal from the final judgment." Our mandamus jurisdiction is derived from TEX. GOV'T CODE ANN. sec. 22.221(b), (c) (Vernon Pamph. 1986), which provides that this Court or any justice thereof "may issue all writs of mandamus agreeable to the principles of law regulating those writs, against a judge of a district or county court."

We find that the provision of rule 215 of the Texas Rules of Civil Procedure, respecting the right to complain on appeal of a ruling imposing sanctions, is merely a codification of the fact that such a right to appeal exists. Nothing in the comments to rule 215 indicates any intention to restrict this Court's right of mandamus with respect to an order of sanctions when there is no adequate remedy of appeal. *See* Sales, *Pretrial Discovery in Texas Under the Amended Rules: Analysis and Commentary*, 27 S.Tex.L.J. 305, 370 (1986).

■ In deciding whether a writ of mandamus is appropriate, we recognize that mandamus will not issue unless a clear abuse of discretion is shown. *Jampole v. Touchy*, 673 S.W.2d 569, 572 (Tex.1984). Furthermore, appellate courts will not intervene to control incidental trial court rulings where there is an adequate remedy by appeal. *Id.* at 573. An adequate remedy by appeal is one that is equally convenient, beneficial, and effective as mandamus. *Id.* at 576.

■ Lone Star complains that the trial court abused its discretion by applying sanctions for failure to answer interrogatories which required answers in excess of the 30 answers permitted by TEX.R.CIV.P. 168(5), over its objection which had been timely filed. Rule 168(6) of the Texas Rules of Civil Procedure requires that the trial judge hold a hearing on a motion to quash or a motion for protective order whenever a party seeking discovery asks questions which the recipient objects to as calling for more than thirty answers. Such a hearing should not be used as a vehicle for the imposition of sanctions unless the motion is frivolous or filed in bad faith. We have examined the interrogatories and find that although there were only seventeen interrogatories, several of them contained more than one question or subpart, enough so that they could be reasonably construed to require more than the 30 answers permitted by the rule. We therefore hold that Lone Star's objection to the interrogatories was not a frivolous objection, or one which was filed in bad faith.

■ We find that the trial court abused its discretion by sanctioning Lone Star for

failing to timely answer Cremean's interrogatories, even though Lone Star had timely filed objections to the interrogatories on the basis of their requiring more than the 30 answers permitted by rule 168(5) of the Texas Rules of Civil Procedure.

 Lone Star was given the choice of paying the attorney's fees or being subjected to a default judgment. If the attorney's fees were paid, an appeal might or might not result in the recovery of the lost money in the event Lone Star prevailed. We find, therefore, that with respect to the attorney's fees sanction, any remedy by appeal would not be as equally convenient, beneficial, and effective as mandamus, so that Lone Star has no adequate remedy of appeal with respect to that sanction.

 Lone Star also complains that the trial court abused his discretion by ordering that Cremean's request for admissions be deemed admitted.

Although this ruling by the trial court appears to be in conflict with TEX.R. CIV.P. 166b(4), which provides for the right to seek a protective order from discovery which presents an undue burden, harassment or annoyance, and TEX.R.CIV.P. 169, which provides that admissions are not deemed admitted when an objection has been timely filed, we find that this ruling by the trial court is the type of incidental trial court ruling with which we will not interfere when there is an adequate remedy by appeal. *See Superior Trans-Med, Inc. v. Hall,* 683 S.W.2d 496, 497–98 (Tex. App.—Dallas 1984, no writ). We have examined the requests for admissions which have been deemed admitted. Although there were 57 admissions which were deemed admitted, none seemed to be of such significance so as to deprive Lone Star of presenting its defense to the action brought by Cremean. Any error in the trial court's ruling can be rectified by reversal and new trial. We therefore do not reach the question of the propriety of the court's order deeming the admissions admitted while objections to the admissions were pending. We hold only that manda-

mus is not a proper remedy for review of that order. *Id.* at 498.

We anticipate that Judge Street will vacate his order of September 5, 1985, and will enter an order consistent with this opinion. Should he fail to do so, the Clerk of the Court will be instructed to issue the writ of mandamus.