David C. LUNSMANN and wife, Dian
F. Lunsmann, Relators,

v.

Honorable Rose SPECTOR, Respondent.

No. 04–88–00497–CV.

Court of Appeals of Texas,
San Antonio.

Nov. 9, 1988.

Sam C. Bashara, Law Offices of Sam C. Bashara, San Antonio, for relators.

George Spencer, Clemens, Spencer, Welmaker & Finck, Inc., San Antonio, for respondent.

Before BUTTS, REEVES and DIAL, JJ.

## OPINION

REEVES, Justice.

This is an original mandamus proceeding arising out of a denial of certain pre-trial discovery.

The suit arises out of the denial of coverage under a health insurance policy insuring Dian F. Lunsmann on the basis of an undisclosed material pre-existing medical condition. The Lunsmanns (relators) brought suit against Metropolitan Life Insurance Company and Eric Colon alleging breach of contract, violations of the Texas Deceptive Trade Practices–Consumer Protection Act and the Texas Insurance Code, breach of the duty of good faith and fair dealing, common law negligence, and re-

questing a declaration of their rights under the Declaratory Judgment Act. Relators propounded interrogatories and requests for production to Metropolitan. Metropolitan sought and received protection against certain of the interrogatories and the requests for production.

■ Relators seek this Court to order respondent, the Honorable Rose Spector, Judge of the 224th Judicial District of Bexar County, to rescind her order limiting and denying discovery and to enter an order directing Metropolitan to answer discovery. This Court has jurisdiction to issue the writ of mandamus in a case in which the trial court has clearly abused its discretion in a discovery proceeding. *General Motors Corp. v. Lawrence*, 651 S.W.2d 732, 733 (Tex.1983); *Allen v. Humphreys*, 559 S.W.2d 798 801 (Tex.1977); *Barker v. Dunham*, 551 S.W.2d 41, 42 (Tex.1977).

■ TEX.R.CIV.P. 166b provides for the scope of discovery. Subsection (2)(a) authorizes discovery of any matter relevant to the subject matter in the pending suit which relates to the claim or defense of the party seeking discovery or of any other party as long as it appears reasonably calculated to lead to the discovery of admissible evidence. Subsection (2)(d) of the rule authorizes a party to obtain discovery of the identity of any potential party or person with knowledge of relevant facts. "A person has knowledge of relevant facts when he or she has or may have knowledge of any discoverable matter." TEX.R. CIV.P. 166b(2)(d). The information sought need not necessarily be admissible at trial. Discovery is limited only by the opposing party's legitimate interest to avoid occurrences such as overly broad requests, harassment, or disclosure of privileged information. *Jampole v. Touchy*, 673 S.W. 2d 569, 573 (Tex.1984). The trial court may protect a party from unduly burdensome or expensive discovery or from harassment or annoyance. *McAllen State Bank v. Salinas*, 738 S.W.2d 381, 384 (Tex.App.—Corpus Christi 1987, no writ).

The burden of proof is on the party alleging the particular discovery is unduly bur-

densome, costly, or harassing to produce. *Independent Insulating Glass/Southwest, Inc. v. Street*, 722 S.W.2d 798, 802 (Tex. App.—Fort Worth 1987, writ dism'd).

The trial court must look to whether the requested discovery is reasonably calculated to lead to discovery of admissible evidence. *Id.* at 803; TEX.R.CIV.P. 166b(2)(d). The following balancing test should be used to determine the potential relevance of discovery requests: "the probative value of the information sought and the burden on [the requesting party] if discovery is denied, is weighed against the burden placed upon relators if the discovery is granted." *Independent Insulating Glass/Southwest, Inc. v. Street*, 722 S.W.2d at 803.

■ Discovery is favored, and the rules concerning discovery must be liberally construed. *State v. Clark*, 695 S.W.2d 673, 675 (Tex.App.—Austin 1985, no writ). The trial court has a broad grant of discretion in the area of discovery, and we can set aside the order only when the trial court has committed a clear abuse of discretion. *Ginsberg v. Fifth Court of Appeals*, 686 S.W.2d 105, 108 (Tex.1985); *Jampole v. Touchy*, 673 S.W.2d at 573.

Relators complain that the trial court placed improper limits on their Interrogatory No. 2. The interrogatory asked:

Please identify by name, complete address, and telephone number, each and every person known to you, your attorney, agents, employees, or investigators who has or claims to have any knowledge of any fact or record relating or pertaining to this cause of action or any factual disputes which may arise in connection with these proceedings.

Metropolitan objected that the question was vague, overbroad and burdensome. Metropolitan provided the names of individuals with knowledge of facts or records pertaining to relators' application for insurance and claims to benefits. In its Discovery Order Number 1, the trial court sustained Metropolitan's objection in part and ordered that Metropolitan provide the names of individuals who have knowledge

of relevant facts about the relators' insurance application or the denial of their claim.

Relators also urge that the trial court's limitation on the interrogatory will preclude them from obtaining relevant information concerning their allegation that Metropolitan engages in a course of conduct in denying these types of claims. We do not agree.

■ Relators' interrogatory did not inquire into a wrongful course of action. It asked for any information associated with "this cause of action." This is clearly too broad a question. It inquires into the identity of anyone with knowledge of any factual disputes which later may arise between the parties about the proceedings. TEX.R.CIV.P. 166b(2)(d) permits inquiry of relevant facts. However, relators do not restrict their interrogatory to relevant facts, but ask for each and every person who has or claims to have knowledge of any potential future factual disputes. We do not see that the trial court clearly abused its discretion in finding the interrogatory to be overbroad.

In their request for production number 7, relators asked Metropolitan to produce:

Copies of each claimant's *last* amended pleading in any lawsuit involving the Defendant insurance company in the last three years where the insurance company was defending, in whole or in part, its failure to pay medical expenses on the basis of an alleged preexisting, material, undisclosed medical condition or treatment.

Metropolitan objected that the request was not relevant, overbroad, and overburdensome. Metropolitan offered the affidavit of Janine Wright, its legal department's senior paralegal. She stated that between January 1, 1986, and August 3, 1988, Metropolitan was involved in over 110 lawsuits involving the potential insureds' material misrepresentations in applications for insurance coverage and that the files on these suits were located in offices throughout the United States. The trial court sustained Metropolitan's objection.

■ Relators rely on the case of *Aztec Life Insurance Co. of Texas v. Dellana,*

667 S.W.2d 911 (Tex.App.—Austin 1984, no writ). In *Aztec,* relators requested production of the insurance company's *claims files* maintained by Aztec relating to claims which had been denied under a pre-existing illness or condition exclusion. The insurance company objected on the basis that the files contained no information relevant to relators' suit. The court of appeals allowed discovery of those files for which the denial was based on a pre-existing illness or condition because they could contain information relevant to an unfair course of dealing cause of action. However, that case involved the insurance company's own claim files which would be unavailable to the relator through any other source. In *Scrivner v. Casseb,* 754 S.W.2d 354 (Tex. App.—San Antonio 1988, no writ), we suggested that a relator could as readily derive or ascertain the same information from public records in the district or county clerks' offices pursuant to TEX.R.CIV.P. 168(2).

Rule 166b(2)(b) provides that:

[a] party may obtain discovery of the existence, description, nature, custody, condition, location and contents of any and all documents ... which constitute or contain matters relevant to the subject matter in the action.

Rule 168(2) provides:

Interrogatories may relate to any matters which can be inquired into under Rule 166b.... Where the answer to an interrogatory may be derived or ascertained from:

a. public records ...

it is sufficient answer to such interrogatory to specify the records from which the answer may be derived or ascertained.... The specification of records provided shall include sufficient detail to permit the interrogating party to locate and to identify as readily as can the party served, the records from which the answers may be ascertained.

Thus, while relators are entitled to know of the existence of other similar claims against Metropolitan to establish an unfair course of dealing, their request for produc-

tion is unduly burdensome by requesting copies of the pleadings.

Being unable to find a clear abuse of discretion by the trial court, we deny relators' petition for writ of mandamus.