NUMBER 13-10-00533-CV

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT OF TEXAS

 

                                  CORPUS CHRISTI -
EDINBURG

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



IN RE HEB GROCERY COMPANY, L.P.

 

 



On Petition for Writ of Mandamus.

 

 



MEMORANDUM OPINION

 

Before Chief Justice Valdez and Justices Rodriguez
and Vela

Memorandum
Opinion by Chief Justice Valdez[1]

            Relator,
HEB Grocery Company, L.P. (“HEB”), filed a petition for writ of mandamus in the
above cause on October 4, 2010, seeking to compel the trial court to vacate its
order requiring HEB to “produce all incident reports related to motorized
vehicles ridden by customers inside HEB stores in any of the HEB [s]tores in
Texas for the years 2004 through November 30, 2009.”  The Court requested and
received a response to the petition for writ of mandamus from Allyce Campbell,
the real party in interest, and further received a reply brief from HEB.  As
stated herein, we deny the petition for writ of mandamus.

I.  Availability of
Mandamus Relief

            Mandamus
will issue if the relator establishes a clear abuse of discretion for which
there is no adequate remedy by appeal.  In re Prudential Ins. Co. of Am.,
148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); Walker v. Packer,
827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding).  With regard to discovery rulings,
a party will not have an adequate remedy by appeal when:  (1) the appellate
court would not be able to cure the trial court’s discovery error; (2) the
party’s ability to present a viable claim or defense at trial is vitiated or
severely compromised by the trial court’s discovery error; or (3) the trial
court disallows discovery and the missing discovery cannot be made a part of
the appellate record or the trial court, after proper request, refuses to make
it part of the record.  In re Ford Motor Co., 988 S.W.2d 714, 721 (Tex.
1998) (orig. proceeding); Walker, 827 S.W.2d at 843.  An order that
compels overly broad discovery is an abuse of discretion for which mandamus is
the proper remedy.  In re Deere & Co., 299 S.W.3d 819, 820-21 (Tex.
2009) (orig. proceeding) (per curiam).  

When determining whether the trial
court abused its discretion, we are mindful that the purpose of discovery is to
seek the truth so that disputes may be decided by what the facts reveal, not by
what facts are concealed.  In re Colonial Pipeline Co., 968 S.W.2d 938,
941 (Tex. 1998) (orig. proceeding).  The rules of civil procedure define the
scope of discovery to include any unprivileged information that is relevant to
the subject of the action, even if it would be inadmissible at trial, as long
as the information sought is “reasonably calculated to lead to the discovery of
admissible evidence.”  Tex. R. Civ. P.
192.3; see In re CSX Corp., 124 S.W.3d 149, 152 (Tex. 2003)
(orig. proceeding).  However, the broad scope of discovery is limited by the
legitimate interests of the opposing party in avoiding overly broad requests,
harassment, or the disclosure of privileged information.  In re Am. Optical
Corp., 988 S.W.2d 711, 713 (Tex. 1998) (orig. proceeding).

To object to a discovery request,
the responding party must make a timely objection in writing and "state
specifically the legal or factual basis for the objection and the extent to
which the party is refusing to comply with the request."  Tex. R. Civ. P. 193.2(a).  Any party
making an objection to requested discovery must present any evidence necessary
to support the objection.  In re CI Host, Inc., 92 S.W.3d 514, 516 (Tex.
2002) (citing Tex. R. Civ. P.
193.4(a)).  When a party contends that a part of a request is improper, the
objecting “party is also required under the rules to produce what is
discoverable.”  Id.; see also Tex.
R. Civ. P. 193.2(b) (confirming the objecting party’s duty to comply
with the part of the request which the party has not objected to); Tex. R. Civ. P. 193 cmt. 2 (“An
objection to written discovery does not excuse the responding party from
complying with the request to the extent no objection is made.”).  “Any party
who seeks to exclude matters from discovery on grounds that the requested
information is unduly burdensome, costly or harassing to produce, has the
affirmative duty to plead and prove the work necessary to comply with
discovery” because “the trial court cannot make an informed judgment on whether
to limit discovery on this basis or place the cost for complying with the
discovery” in the absence of such evidence.  Indep. Insulating Glass/Sw.,
Inc. v. Street, 722 S.W.2d 798, 802 (Tex. App.–Fort Worth 1987, writ
dism’d); see In re Alford Chevrolet-Geo, 997 S.W.2d 173, 181 (Tex. 1999)
(orig. proceeding) (“A party resisting discovery . . . cannot simply make
conclusory allegations that the requested discovery is unduly burdensome or
unnecessarily harassing. The party must produce some evidence supporting its
request for a protective order.”); Garcia v. Peeples, 734 S.W.2d 343,
345 (Tex. 1987) (same). Accordingly, “to the extent that a discovery request is
burdensome because of the responding party’s own conscious, discretionary
decisions, that burdensomeness is not properly laid at the feet of the
requesting party, and cannot be said to be ‘undue.’”  In re Whitely, 79
S.W.3rd 729, 735 (Tex. App.–Corpus Christi 2002, orig. proceeding) (quoting ISK
Biotech Corp. v. Lindsay, 933 S.W.2d 565, 569 (Tex. App.–Houston [1st
Dist.] 1996, orig. proceeding)).

II.  Background

On October 31, 2009, Campbell, an
eighty-five year old woman, was shopping at an HEB store in Corpus Christi,
Texas, when she was struck by another customer driving a motorized electric
cart provided by HEB.  Sustaining permanent hip injuries which required
hospitalization and surgery, Campbell brought suit against HEB for negligence,
premises condition, and negligent activity.  Campbell filed a request for
production to HEB seeking:

All incident reports of
injuries to property, displays, and people related to motorized vehicles ridden
by customers inside the HEB stores in any of the HEB stores in Texas or any
complaint of such for the years 2004-November 30, 2009.

 

HEB objected to
this request for production on grounds that it called for “the disclosure of
information beyond the scope of discovery pursuant to [Texas Rule of Civil
Procedure] 192.3(a)” and that “the request for production is not limited in
time, nor geographical area, and as such is beyond the scope of discovery
pursuant to [Texas Rule of Civil Procedure] 192.4.”[2] 
HEB did not file any evidence supporting these objections.  Campbell filed a
motion to compel discovery, and after a non-evidentiary hearing, the trial
court granted the motion to compel.

III.  Standard of
Review

We review discovery rulings for an
abuse of discretion.  In re CSX Corp., 124 S.W.3d at 152.  A trial court
abuses its discretion when it acts without reference to guiding rules and
principles.  In re Colonial Pipeline Co., 968 S.W.2d at 941.   “Generally,
the scope of discovery is within the trial court’s discretion, but the trial
court must make an effort to impose reasonable discovery limits.”  In re
Graco Children’s Prods., Inc., 210 S.W.3d 598, 600 (Tex. 2006) (orig. proceeding)
(per curiam) (internal quotations omitted).  Discovery requests must be
reasonably tailored to include only matters relevant to the case.  In re
Alford Chevrolet-Geo, 997 S.W.2d at 180-81; K Mart Corp. v. Sanderson,
937 S.W.2d 429, 431 (Tex. 1996) (orig. proceeding).  Because discovery is
limited to matters that are relevant to the case, requests for information that
are not reasonably tailored as to time, place, or subject matter amount to
impermissible “fishing expeditions.”  See In re CSX Corp., 124 S.W.3d at
152; Texaco, Inc. v. Sanderson, 898 S.W.2d 813, 815 (Tex. 1995).  A
central consideration in determining overbreadth is whether the discovery
requests could have been more narrowly tailored.  In re CSX Corp., 124
S.W.3d at 153. 

IV.  Analysis

HEB contends neither that the
discovery request at issue is unduly burdensome nor that the five-year period
of time for production is overbroad.[3] 
Rather, HEB contends that the discovery order is overly broad as a matter of
law insofar as it requires the production of incident reports from HEB stores other
than the one where Campbell was injured.  According to HEB, incidents at other
stores are not relevant to Campbell’s claims against HEB.  

In the instant case, in her
original petition, Campbell alleged that HEB provided electric motorized carts
to its customers to increase its profits, but “began seeing injuries caused by
drivers hitting other people while operating the motorized carts.”  According
to Campbell, her injury occurred “after many prior occurrences of drivers
hitting customers, hitting displays, and causing damage inside HEB stores.” 
Campbell’s petition specifically alleges:  

HEB did not monitor
drivers, train or check operators to see if they were competent to operate the
vehicles inside the store, or establish any rules or procedures for their use. 
Anyone who desired to drive around the stores was allowed to do so with no
restrictions, no supervision, and no regulations.

 

Campbell thus argues
that HEB’s general corporate policies regarding the management of electric
carts are deficient insofar as, for example, the carts are keyless, unsupervised,
and accessible to anyone.  Campbell seeks discovery regarding other accidents
involving motorized electric carts to show that HEB had notice of other
incidents pertaining to electric cart usage and considered but failed to make
appropriate changes in its nation-wide policies and procedures.  Campbell also seeks
this discovery to counter HEB’s defensive allegations that Campbell’s injuries
were caused by the manufacturer of the electric cart and its driver, rather
than any action or inaction on the part of HEB.

In analyzing the discovery request
at issue, we are guided by numerous cases which have addressed overbroad
discovery requests.  See In re CSX Corp., 124 S.W.3d at 153 (stating
that request to identify all safety employees who worked for defendant over a
thirty-year period qualifies as a “fishing expedition”); In re Am. Optical
Corp., 988 S.W.2d at 713 (stating that request for production of all documents
the defendant had ever produced on any of its products over the course of its
fifty years in business was overbroad and of questionable relevancy); K Mart
Corp., 937 S.W.2d at 431 (stating that request for information relating to
all criminal activity on all K Mart property over last seven years was
overbroad); Dillard Dep’t Stores, Inc. v. Hall, 909 S.W.2d 491, 492
(Tex. 1995) (stating that a 227 store search in twenty states for documents
over a five-year period was overly broad); Texaco, Inc., 898 S.W.2d at
814-15 (stating that request for “all documents written by [defendant’s safety
director] that concerned safety, toxicology, and industrial hygiene,
epidemiology, fire protection and training” was overbroad); Gen. Motors
Corp. v. Lawrence, 651 S.W.2d 732, 734 (Tex. 1983) (stating that requests
concerning fuel filler necks in every vehicle ever made by General Motors were
overbroad); see also Fethkenher v. Kroger Co., 139 S.W.3d 24, 30 (Tex.
App.–Fort Worth 2004, no pet.) (concluding that discovery request was overbroad
where it asked store to describe, in detail, any previous incidents pertaining
to automatic door malfunctions at all 188 stores in southwest region; court
noted that appellant “failed to narrow the request in a manner that would
heighten its relevancy”); In re Lowe’s Cos., 134 S.W.3d 876, 880 (Tex.
App.–Houston [14th Dist.] 2004, orig. proceeding) (holding that discovery order
was overbroad where it allowed plaintiffs to access computer data without any
limitation as to time, place, or subject matter and print data concerning
falling merchandise accidents for an unlimited period of time preceding the
accident in this case and for an unlimited geographic area).  

HEB contends that the instant
discovery request is “essentially indistinguishable” from those held to be
overly broad in Dillard Department Stores and K Mart.  In Dillard
Department Stores, the plaintiff sued Dillard Department Stores for false
arrest.  909 S.W.2d at 492.  At the plaintiff’s request, the trial court
ordered Dillard Department Stores to produce “every claims file and incident
report prepared from 1985 through 1990 in every lawsuit or claim that involved
allegations of false arrest, civil rights violations, and excessive use of
force” for each of its 227 stores located in twenty states.  Id. at 491-92.
 The supreme court granted mandamus relief, holding that the requested
discovery was “overly broad as a matter of law.”  Id. at 492.  The court
noted that the plaintiff admitted that he wanted the document production “to
explore whether he can in good faith allege racial discrimination,” and stated
that the request was “the very kind of fishing expedition” that is not
allowable under the rules of civil procedure.  Id.  

In K Mart Corporation v.
Sanderson, the plaintiff sued K Mart to recover actual and punitive damages
for injuries she received when she was abducted from a K Mart store parking lot
and raped.  937 S.W.2d at 430.  The plaintiff requested information regarding “all
criminal activities . . . during the last seven years that relate in any way to
the alleged failure to provide adequate security allegedly resulting in any
sort of physical injury to any person,” and further asked for information
regarding other incidents at stores “nationwide in which a person was abducted
from the premises and raped” within a ten-year period of time.  Id. at 431. 
In holding that the discovery requests were overbroad, the supreme court held
that the “likelihood that criminal conduct on the parking lot of a K Mart store
or other property . . . in El Paso or Amarillo as long ago as 1989, or outside
Texas as long ago as 1986, will have even a minuscule bearing on this case is
far too small to justify discovery.”  Id.   In so holding, the supreme court
amplified its holding in Dillard Department Stores and expressly
rejected “the notion that “any discovery device can be used to fish”.  Id.

We disagree with HEB’s contention
that Dillard Department Stores and K Mart compel the
conclusion that the request for production herein is overbroad.  In both cases,
the allegations of negligence against the store owners were based on
store-specific issues and conditions yet the requested discovery did not relate
to the specific claims made in each case.  In Dillard Department Stores,
the requested discovery was sought in order to find out if the plaintiff could
raise claims of racial discrimination against the company.  See Dillard Dep’t
Stores, 909 S.W.2d at 492.  In K Mart, the requested
discovery concerned crime statistics at other locations, whereas the
plaintiff’s specific cause of action revolved around the crime rate at the
particular store where she was abducted and whether the store could expect an
act of crime to occur based on those statistics.  See K Mart Corp., 937
S.W.2d at 431.

In contrast, the instant case
concerns allegations of negligence on the part of HEB based not only on a
premises defect specific to a particular location, or on employee conduct at a
specific location, or on criminal conduct occurring at a particular location, but
on its nation-wide policy decisions regarding the provision and utilization of
mechanized electronic carts for customers.  Thus, unlike Dillard Department
Stores and K Mart, the discovery sought in this case is relevant to
the specific allegations at issue in this lawsuit.  

“Other accidents are admissible for
some purposes and . . . may be relevant to show whether . . . a warning should
have been given.”  Nissan Motor Co. v. Armstrong, 145 S.W.3d 131, 138-39
(Tex. 2004) (citing Gen. Motors Corp. v. Saenz, 873 S.W.2d 353, 356
(Tex. 1993)).  Similarly, “accident complaints may be admissible . . . to show
that a [defendant] knew users were not heeding its warnings.”  Id. at
140 (citing Uniroyal Goodrich Tire Co. v. Martinez, 977 S.W.2d 328,
340-41 (Tex. 1998)).  “[I]n exercising discretion regarding admissibility,
trial courts must carefully consider the bounds of similarity, prejudice,
confusion, and sequence before admitting evidence of other accidents.”  Id.
at 139.  In this case, however, we are not assessing the threshold of
admissibility of other incidents but the much lower threshold of mere
discoverability of such incidents.  “Fundamentally, the scope of discovery is
obviously much broader than the scope of admissible evidence, and evidence of
incidents . . . can be admissible, and therefore, obviously, discoverable.”  In
re Exmark Mfg. Co., 299 S.W.3d 519, 528 (Tex. App.–Corpus Christi 2009,
orig. proceeding) (discussing Nissan Motor Co., 145 S.W.3d at 138-39).  Moreover,
HEB has not presented argument or evidence indicating that the policies and
procedures vary from store to store and, accordingly, has failed to show that
other locations are not relevant.  See In re Deere & Co., 299
S.W.3d at 820-21 (holding that it was not error to allow discovery as to
various product lines where manufacturer failed to present evidence showing
that the product lines lacked the assembly at issue, although the order
nevertheless exceeded the scope of permissible discovery by neglecting to set a
reasonable time limit).  

This case is substantially
different from the other cases which HEB relies upon in its petition for writ
of mandamus.  

First, HEB raises no complaint
about any allegedly undue burden with respect to the order and raises no
objection to the five-year time period which is encompassed by the order.  This
circumstance immediately distinguishes this case from the In re CSX and In
re American Optical cases, where key aspects of the discovery dispute were
the burden of responding for a thirty-year time period and a fifty-year time
period encompassed by those disputed discovery orders.  Under the facts of this
case, however, it is not surprising that HEB raised no objection about the
five-year time period of the discovery order because HEB offered no evidence
about the relative burden necessary to comply with a discovery request
encompassing a one-year time period, a five-year time period, or a ten-year
time period as would have been required under the Independent Insulating
Glass decision.  722 S.W.2d at 802.  Likewise, if HEB were complaining that
a one-year time period or a four-year time period would have been appropriate
but it was only the five-year scope of the discovery that it was contesting,
HEB presumably would have met its obligation to partially comply with the
non-objectionable portion of the request as envisioned by rule 193.  See
Tex. R. Civ. P. 193.2(b)
(confirming the objecting party’s duty to comply with the part of the request to
which the party has not objected); Id. cmt. 2 (“An objection to written
discovery does not excuse the responding party from complying with the request
to the extent no objection is made.”).  As far as the record before this Court
reveals, it might be true that the burden of complying with the disputed
request involved nothing more that setting the parameters for a search of an
internal database or, on the other hand, it might be true that there is some
burden associated with answering the request.  Compliance with the underlying
order might entail the production of a couple dozen pages of documents or it
might entail the production of ten boxes of documents, but the record is
completely silent on this matter.  The trial court had no basis to assess such
issues, however, because HEB offered no evidence to support such an assessment,
see In re Alford Chevrolet-Geo, 997 S.W.2d at 181, and so this Court has
no basis upon which to second-guess the trial court’s order.  

Second, HEB neither raises an argument
that it has already complied with a portion of the disputed discovery request,
nor has HEB offered any evidence explaining why the remainder of the request, with
which it has not complied, is overly broad, which was the context of the
discovery dispute at the heart of Dillard Department Stores.  In the Dillard
Department Stores case, the party resisting discovery had already
produced a number of responsive complaints in compliance with its duties under rule
193.2(b) and then supported its objection to additional discovery with an
affidavit explaining that further compliance with the discovery request would
encompass a search for data in twenty states across the country.  See
Dillard Dep’t Stores, 909 S.W.2d at 492.  In this case, the discovery
request is expressly limited to incidents in Texas; HEB has made no efforts at
partial compliance under Rule 193.2(b); and HEB offered no evidence to support
its objection.

Third, HEB raises no issue of trade
secrecy and no issue about the discovery request being duplicative of other
discovery which had been previously produced, which were two key aspects of the
dispute at the heart of In re Lowe's.  In the Lowe’s case, the
party resisting discovery offered evidence that the proposed search of its
database would invade its trade secrets and that the information requested had
already been produced in the form of a paper printout from the database.  In
re Lowe’s Cos., 134 S.W.3d at 880.  There is no comparable evidence in this
case, and there are no comparable trade secrecy issues or claims regarding duplicative
discovery raised in response to the underlying discovery request.

Finally, it must be noted that the
petition in this case asserts claims related to an incident involving an HEB
customer riding a motorized vehicle inside an HEB store, and the discovery
request seeks information about prior reports related to HEB customers riding
motorized vehicles inside HEB stores.  There is a direct relationship between
the claims at issue and the discovery sought.  Significantly, Texaco v.
Sanderson confirmed that the “plaintiffs are entitled to discover evidence
of defendants' safety policies and practices as they relate to the
circumstances involved in their allegations,” but they were not entitled to all
documents “on the subject of safety, without limitation as to time, place or
subject matter.”  898 S.W.2d at 815.  As the issue was presented to the trial
court, and as reflected in the record before us, there is no basis to
second-guess the trial court’s conclusion that the discovery request is
tailored to provide discoverable information reflective of HEB’s policies and
practices as they relate to the circumstances involved in Campbell’s
allegations, and there is no evidentiary basis to conclude that the order is
not appropriately limited as to time, place, and subject matter.

V. Conclusion

            The
Court, having examined and fully considered the petition for writ of mandamus, the
response thereto, and relator’s reply, is of the opinion that relator has not
shown itself entitled to the relief sought.  Accordingly, the petition for writ
of mandamus is  DENIED.  See Tex.
R. App. P. 52.8(a). 

 

 

                                                                                                ________________________

                                                                                                Rogelio Valdez

                                                                                                Chief
Justice

 

Delivered and filed the 

8th day of November, 2010.

                                                

 

                                                                                                

 









[1]
See Tex. R. App. P.
52.8(d) (“When denying relief, the court may hand down an opinion but is not
required to do so.”); Tex. R. App. P.
47.4 (distinguishing opinions and memorandum opinions).





[2] “A party may object to written
discovery only if a good faith factual and legal basis for the objection exists
at the time the objection is made.”  Tex.
R. Civ. P. 193.2(c).  We note that the request is specifically limited
in time (“the years 2004–November 30, 2009”) and geographical area (“Texas”).  

 





[3]
As we recently noted, “a
discovery order that covered a ten-year period might be too broad under some
circumstances,” but “there is certainly nothing too broad as a matter of law
about all discovery orders covering ten years.”  In re Exmark Mfg. Co.,
299 S.W.3d 519, 528 (Tex. App.–Corpus Christi 2009, orig. proceeding) (citing In
re Energas Co., 63 S.W.3d 50, 55-56 (Tex. App.–Amarillo 2001, orig.
proceeding); Miller v. O'Neil, 775 S.W.2d 56, 59 (Tex. App.–Houston [1st
Dist.] 1989, orig. proceeding)).  For example, the Texas Supreme Court narrowed
the discovery request at issue in General Motors v. Lawrence to cover
“trucks for model years 1949 through 1972,” a 23-year period encompassing a
variety of truck models.  Gen. Motors Corp. v. Lawrence, 651 S.W.2d 732,
734 (Tex. 1983).