

# NUMBER 13-10-00533-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

## IN RE HEB GROCERY COMPANY, L.P.

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Vela
Memorandum Opinion by Chief Justice Valdez[1]**

Relator, HEB Grocery Company, L.P. ("HEB"), filed a petition for writ of mandamus in the above cause on October 4, 2010, seeking to compel the trial court to vacate its order requiring HEB to "produce all incident reports related to motorized vehicles ridden by customers inside HEB stores in any of the HEB [s]tores in Texas for the years 2004 through November 30, 2009." The Court requested and received a response to the petition for writ of mandamus from Allyce Campbell, the real party in

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

interest, and further received a reply brief from HEB.  As stated herein, we deny the petition for writ of mandamus.

## I. AVAILABILITY OF MANDAMUS RELIEF

Mandamus will issue if the relator establishes a clear abuse of discretion for which there is no adequate remedy by appeal.  *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding).  With regard to discovery rulings, a party will not have an adequate remedy by appeal when:  (1) the appellate court would not be able to cure the trial court's discovery error; (2) the party's ability to present a viable claim or defense at trial is vitiated or severely compromised by the trial court's discovery error; or (3) the trial court disallows discovery and the missing discovery cannot be made a part of the appellate record or the trial court, after proper request, refuses to make it part of the record.  *In re Ford Motor Co.*, 988 S.W.2d 714, 721 (Tex. 1998) (orig. proceeding); *Walker*, 827 S.W.2d at 843.  An order that compels overly broad discovery is an abuse of discretion for which mandamus is the proper remedy.  *In re Deere & Co.*, 299 S.W.3d 819, 820-21 (Tex. 2009) (orig. proceeding) (per curiam).

When determining whether the trial court abused its discretion, we are mindful that the purpose of discovery is to seek the truth so that disputes may be decided by what the facts reveal, not by what facts are concealed.  *In re Colonial Pipeline Co.*, 968 S.W.2d 938, 941 (Tex. 1998) (orig. proceeding).  The rules of civil procedure define the scope of discovery to include any unprivileged information that is relevant to the subject of the action, even if it would be inadmissible at trial, as long as the information sought is "reasonably calculated to lead to the discovery of admissible evidence."  TEX. R. CIV.

P. 192.3; *see In re CSX Corp.*, 124 S.W.3d 149, 152 (Tex. 2003) (orig. proceeding). However, the broad scope of discovery is limited by the legitimate interests of the opposing party in avoiding overly broad requests, harassment, or the disclosure of privileged information. *In re Am. Optical Corp.*, 988 S.W.2d 711, 713 (Tex. 1998) (orig. proceeding).

To object to a discovery request, the responding party must make a timely objection in writing and "state specifically the legal or factual basis for the objection and the extent to which the party is refusing to comply with the request." TEX. R. CIV. P. 193.2(a). Any party making an objection to requested discovery must present any evidence necessary to support the objection. *In re CI Host, Inc.*, 92 S.W.3d 514, 516 (Tex. 2002) (citing TEX. R. CIV. P. 193.4(a)). When a party contends that a part of a request is improper, the objecting "party is also required under the rules to produce what is discoverable." *Id.*; *see also* TEX. R. CIV. P. 193.2(b) (confirming the objecting party's duty to comply with the part of the request which the party has not objected to); TEX. R. CIV. P. 193 cmt. 2 ("An objection to written discovery does not excuse the responding party from complying with the request to the extent no objection is made."). "Any party who seeks to exclude matters from discovery on grounds that the requested information is unduly burdensome, costly or harassing to produce, has the affirmative duty to plead and prove the work necessary to comply with discovery" because "the trial court cannot make an informed judgment on whether to limit discovery on this basis or place the cost for complying with the discovery" in the absence of such evidence. *Indep. Insulating Glass/Sw., Inc. v. Street*, 722 S.W.2d 798, 802 (Tex. App.–Fort Worth 1987, writ dism'd); *see In re Alford Chevrolet-Geo*, 997 S.W.2d 173, 181 (Tex. 1999)

(orig. proceeding) ("A party resisting discovery . . . cannot simply make conclusory allegations that the requested discovery is unduly burdensome or unnecessarily harassing. The party must produce some evidence supporting its request for a protective order."); *Garcia v. Peeples*, 734 S.W.2d 343, 345 (Tex. 1987) (same). Accordingly, "to the extent that a discovery request is burdensome because of the responding party's own conscious, discretionary decisions, that burdensomeness is not properly laid at the feet of the requesting party, and cannot be said to be 'undue.'" *In re Whitely*, 79 S.W.3rd 729, 735 (Tex. App.–Corpus Christi 2002, orig. proceeding) (quoting *ISK Biotech Corp. v. Lindsay*, 933 S.W.2d 565, 569 (Tex. App.–Houston [1st Dist.] 1996, orig. proceeding)).

## II. BACKGROUND

On October 31, 2009, Campbell, an eighty-five year old woman, was shopping at an HEB store in Corpus Christi, Texas, when she was struck by another customer driving a motorized electric cart provided by HEB. Sustaining permanent hip injuries which required hospitalization and surgery, Campbell brought suit against HEB for negligence, premises condition, and negligent activity. Campbell filed a request for production to HEB seeking:

> All incident reports of injuries to property, displays, and people related to motorized vehicles ridden by customers inside the HEB stores in any of the HEB stores in Texas or any complaint of such for the years 2004-November 30, 2009.

HEB objected to this request for production on grounds that it called for "the disclosure of information beyond the scope of discovery pursuant to [Texas Rule of Civil Procedure] 192.3(a)" and that "the request for production is not limited in time, nor geographical area, and as such is beyond the scope of discovery pursuant to [Texas

4

Rule of Civil Procedure] 192.4."[2]  HEB did not file any evidence supporting these objections.  Campbell filed a motion to compel discovery, and after a non-evidentiary hearing, the trial court granted the motion to compel.

### III. STANDARD OF REVIEW

We review discovery rulings for an abuse of discretion.  *In re CSX Corp.*, 124 S.W.3d at 152.  A trial court abuses its discretion when it acts without reference to guiding rules and principles.  *In re Colonial Pipeline Co.*, 968 S.W.2d at 941. "Generally, the scope of discovery is within the trial court's discretion, but the trial court must make an effort to impose reasonable discovery limits."  *In re Graco Children's Prods., Inc.*, 210 S.W.3d 598, 600 (Tex. 2006) (orig. proceeding) (per curiam) (internal quotations omitted).  Discovery requests must be reasonably tailored to include only matters relevant to the case.  *In re Alford Chevrolet-Geo*, 997 S.W.2d at 180-81; *K Mart Corp. v. Sanderson*, 937 S.W.2d 429, 431 (Tex. 1996) (orig. proceeding).  Because discovery is limited to matters that are relevant to the case, requests for information that are not reasonably tailored as to time, place, or subject matter amount to impermissible "fishing expeditions."  *See In re CSX Corp.*, 124 S.W.3d at 152; *Texaco, Inc. v. Sanderson*, 898 S.W.2d 813, 815 (Tex. 1995).  A central consideration in determining overbreadth is whether the discovery requests could have been more narrowly tailored. *In re CSX Corp.*, 124 S.W.3d at 153.

### IV. ANALYSIS

---

[2] "A party may object to written discovery only if a good faith factual and legal basis for the objection exists at the time the objection is made."  TEX. R. CIV. P. 193.2(c).  We note that the request is specifically limited in time ("the years 2004–November 30, 2009") and geographical area ("Texas").

HEB contends neither that the discovery request at issue is unduly burdensome nor that the five-year period of time for production is overbroad.[3] Rather, HEB contends that the discovery order is overly broad as a matter of law insofar as it requires the production of incident reports from HEB stores other than the one where Campbell was injured. According to HEB, incidents at other stores are not relevant to Campbell's claims against HEB.

In the instant case, in her original petition, Campbell alleged that HEB provided electric motorized carts to its customers to increase its profits, but "began seeing injuries caused by drivers hitting other people while operating the motorized carts." According to Campbell, her injury occurred "after many prior occurrences of drivers hitting customers, hitting displays, and causing damage inside HEB stores." Campbell's petition specifically alleges:

> HEB did not monitor drivers, train or check operators to see if they were competent to operate the vehicles inside the store, or establish any rules or procedures for their use. Anyone who desired to drive around the stores was allowed to do so with no restrictions, no supervision, and no regulations.

Campbell thus argues that HEB's general corporate policies regarding the management of electric carts are deficient insofar as, for example, the carts are keyless, unsupervised, and accessible to anyone. Campbell seeks discovery regarding other accidents involving motorized electric carts to show that HEB had notice of other

---

[3] As we recently noted, "a discovery order that covered a ten-year period might be too broad under some circumstances," but "there is certainly nothing too broad as a matter of law about all discovery orders covering ten years." *In re Exmark Mfg. Co.*, 299 S.W.3d 519, 528 (Tex. App.–Corpus Christi 2009, orig. proceeding) (citing *In re Energas Co.*, 63 S.W.3d 50, 55-56 (Tex. App.–Amarillo 2001, orig. proceeding); *Miller v. O'Neil*, 775 S.W.2d 56, 59 (Tex. App.–Houston [1st Dist.] 1989, orig. proceeding)). For example, the Texas Supreme Court narrowed the discovery request at issue in *General Motors v. Lawrence* to cover "trucks for model years 1949 through 1972," a 23-year period encompassing a variety of truck models. *Gen. Motors Corp. v. Lawrence*, 651 S.W.2d 732, 734 (Tex. 1983).

incidents pertaining to electric cart usage and considered but failed to make appropriate changes in its nation-wide policies and procedures. Campbell also seeks this discovery to counter HEB's defensive allegations that Campbell's injuries were caused by the manufacturer of the electric cart and its driver, rather than any action or inaction on the part of HEB.

In analyzing the discovery request at issue, we are guided by numerous cases which have addressed overbroad discovery requests. *See In re CSX Corp.*, 124 S.W.3d at 153 (stating that request to identify all safety employees who worked for defendant over a thirty-year period qualifies as a "fishing expedition"); *In re Am. Optical Corp.*, 988 S.W.2d at 713 (stating that request for production of all documents the defendant had ever produced on any of its products over the course of its fifty years in business was overbroad and of questionable relevancy); *K Mart Corp.*, 937 S.W.2d at 431 (stating that request for information relating to all criminal activity on all K Mart property over last seven years was overbroad); *Dillard Dep't Stores, Inc. v. Hall*, 909 S.W.2d 491, 492 (Tex. 1995) (stating that a 227 store search in twenty states for documents over a five-year period was overly broad); *Texaco, Inc.*, 898 S.W.2d at 814-15 (stating that request for "all documents written by [defendant's safety director] that concerned safety, toxicology, and industrial hygiene, epidemiology, fire protection and training" was overbroad); *Gen. Motors Corp. v. Lawrence*, 651 S.W.2d 732, 734 (Tex. 1983) (stating that requests concerning fuel filler necks in every vehicle ever made by General Motors were overbroad); *see also Fethkenher v. Kroger Co.*, 139 S.W.3d 24, 30 (Tex. App.–Fort Worth 2004, no pet.) (concluding that discovery request was overbroad where it asked store to describe, in detail, any previous incidents pertaining

to automatic door malfunctions at all 188 stores in southwest region; court noted that appellant "failed to narrow the request in a manner that would heighten its relevancy"); *In re Lowe's Cos.*, 134 S.W.3d 876, 880 (Tex. App.–Houston [14th Dist.] 2004, orig. proceeding) (holding that discovery order was overbroad where it allowed plaintiffs to access computer data without any limitation as to time, place, or subject matter and print data concerning falling merchandise accidents for an unlimited period of time preceding the accident in this case and for an unlimited geographic area).

HEB contends that the instant discovery request is "essentially indistinguishable" from those held to be overly broad in *Dillard Department Stores* and *K Mart*. In *Dillard Department Stores*, the plaintiff sued Dillard Department Stores for false arrest. 909 S.W.2d at 492. At the plaintiff's request, the trial court ordered Dillard Department Stores to produce "every claims file and incident report prepared from 1985 through 1990 in every lawsuit or claim that involved allegations of false arrest, civil rights violations, and excessive use of force" for each of its 227 stores located in twenty states. *Id.* at 491-92. The supreme court granted mandamus relief, holding that the requested discovery was "overly broad as a matter of law." *Id.* at 492. The court noted that the plaintiff admitted that he wanted the document production "to explore whether he can in good faith allege racial discrimination," and stated that the request was "the very kind of fishing expedition" that is not allowable under the rules of civil procedure. *Id.*

In *K Mart Corporation v. Sanderson*, the plaintiff sued K Mart to recover actual and punitive damages for injuries she received when she was abducted from a K Mart store parking lot and raped. 937 S.W.2d at 430. The plaintiff requested information

8

regarding "all criminal activities . . . during the last seven years that relate in any way to the alleged failure to provide adequate security allegedly resulting in any sort of physical injury to any person," and further asked for information regarding other incidents at stores "nationwide in which a person was abducted from the premises and raped" within a ten-year period of time. *Id.* at 431. In holding that the discovery requests were overbroad, the supreme court held that the "likelihood that criminal conduct on the parking lot of a K Mart store or other property . . . in El Paso or Amarillo as long ago as 1989, or outside Texas as long ago as 1986, will have even a minuscule bearing on this case is far too small to justify discovery." *Id.* In so holding, the supreme court amplified its holding in *Dillard Department Stores* and expressly rejected "the notion that "any discovery device can be used to fish". *Id.*

We disagree with HEB's contention that *Dillard Department Stores* and *K Mart* compel the conclusion that the request for production herein is overbroad. In both cases, the allegations of negligence against the store owners were based on store-specific issues and conditions yet the requested discovery did not relate to the specific claims made in each case. In *Dillard Department Stores*, the requested discovery was sought in order to find out if the plaintiff could raise claims of racial discrimination against the company. *See Dillard Dep't Stores,* 909 S.W.2d at 492. *In K Mart*, the requested discovery concerned crime statistics at other locations, whereas the plaintiff's specific cause of action revolved around the crime rate at the particular store where she was abducted and whether the store could expect an act of crime to occur based on those statistics. *See K Mart Corp.*, 937 S.W.2d at 431.

In contrast, the instant case concerns allegations of negligence on the part of HEB based not only on a premises defect specific to a particular location, or on employee conduct at a specific location, or on criminal conduct occurring at a particular location, but on its nation-wide policy decisions regarding the provision and utilization of mechanized electronic carts for customers. Thus, unlike *Dillard Department Stores* and *K Mart*, the discovery sought in this case is relevant to the specific allegations at issue in this lawsuit.

"Other accidents are admissible for some purposes and . . . may be relevant to show whether . . . a warning should have been given." *Nissan Motor Co. v. Armstrong*, 145 S.W.3d 131, 138-39 (Tex. 2004) (citing *Gen. Motors Corp. v. Saenz*, 873 S.W.2d 353, 356 (Tex. 1993)). Similarly, "accident complaints may be admissible . . . to show that a [defendant] knew users were not heeding its warnings." *Id*. at 140 (citing *Uniroyal Goodrich Tire Co. v. Martinez*, 977 S.W.2d 328, 340-41 (Tex. 1998)). "[I]n exercising discretion regarding admissibility, trial courts must carefully consider the bounds of similarity, prejudice, confusion, and sequence before admitting evidence of other accidents." *Id*. at 139. In this case, however, we are not assessing the threshold of admissibility of other incidents but the much lower threshold of mere discoverability of such incidents. "Fundamentally, the scope of discovery is obviously much broader than the scope of admissible evidence, and evidence of incidents . . . can be admissible, and therefore, obviously, discoverable." *In re Exmark Mfg. Co.*, 299 S.W.3d 519, 528 (Tex. App.–Corpus Christi 2009, orig. proceeding) (discussing *Nissan Motor Co.*, 145 S.W.3d at 138-39). Moreover, HEB has not presented argument or evidence indicating that the policies and procedures vary from store to store and, accordingly, has failed to show

10

that other locations are not relevant. *See In re Deere & Co.*, 299 S.W.3d at 820-21 (holding that it was not error to allow discovery as to various product lines where manufacturer failed to present evidence showing that the product lines lacked the assembly at issue, although the order nevertheless exceeded the scope of permissible discovery by neglecting to set a reasonable time limit).

This case is substantially different from the other cases which HEB relies upon in its petition for writ of mandamus.

First, HEB raises no complaint about any allegedly undue burden with respect to the order and raises no objection to the five-year time period which is encompassed by the order. This circumstance immediately distinguishes this case from the *In re CSX* and *In re American Optical* cases, where key aspects of the discovery dispute were the burden of responding for a thirty-year time period and a fifty-year time period encompassed by those disputed discovery orders. Under the facts of this case, however, it is not surprising that HEB raised no objection about the five-year time period of the discovery order because HEB offered no evidence about the relative burden necessary to comply with a discovery request encompassing a one-year time period, a five-year time period, or a ten-year time period as would have been required under the *Independent Insulating Glass* decision. 722 S.W.2d at 802. Likewise, if HEB were complaining that a one-year time period or a four-year time period would have been appropriate but it was only the five-year scope of the discovery that it was contesting, HEB presumably would have met its obligation to partially comply with the non-objectionable portion of the request as envisioned by rule 193. *See* TEX. R. CIV. P. 193.2(b) (confirming the objecting party's duty to comply with the part of the request to

11

which the party has not objected); *Id.* cmt. 2 ("An objection to written discovery does not excuse the responding party from complying with the request to the extent no objection is made."). As far as the record before this Court reveals, it might be true that the burden of complying with the disputed request involved nothing more that setting the parameters for a search of an internal database or, on the other hand, it might be true that there is some burden associated with answering the request. Compliance with the underlying order might entail the production of a couple dozen pages of documents or it might entail the production of ten boxes of documents, but the record is completely silent on this matter. The trial court had no basis to assess such issues, however, because HEB offered no evidence to support such an assessment, *see In re Alford Chevrolet-Geo*, 997 S.W.2d at 181, and so this Court has no basis upon which to second-guess the trial court's order.

Second, HEB neither raises an argument that it has already complied with a portion of the disputed discovery request, nor has HEB offered any evidence explaining why the remainder of the request, with which it has not complied, is overly broad, which was the context of the discovery dispute at the heart of *Dillard Department Stores*. In the *Dillard Department Stores* case, the party resisting discovery had already produced a number of responsive complaints in compliance with its duties under rule 193.2(b) and then supported its objection to additional discovery with an affidavit explaining that further compliance with the discovery request would encompass a search for data in twenty states across the country. *See Dillard Dep't Stores*, 909 S.W.2d at 492. In this case, the discovery request is expressly limited to incidents in Texas; HEB has made no

12

efforts at partial compliance under Rule 193.2(b); and HEB offered no evidence to support its objection.

Third, HEB raises no issue of trade secrecy and no issue about the discovery request being duplicative of other discovery which had been previously produced, which were two key aspects of the dispute at the heart of *In re Lowe's.* In the *Lowe's* case, the party resisting discovery offered evidence that the proposed search of its database would invade its trade secrets and that the information requested had already been produced in the form of a paper printout from the database. *In re Lowe's Cos.*, 134 S.W.3d at 880. There is no comparable evidence in this case, and there are no comparable trade secrecy issues or claims regarding duplicative discovery raised in response to the underlying discovery request.

Finally, it must be noted that the petition in this case asserts claims related to an incident involving an HEB customer riding a motorized vehicle inside an HEB store, and the discovery request seeks information about prior reports related to HEB customers riding motorized vehicles inside HEB stores. There is a direct relationship between the claims at issue and the discovery sought. Significantly, *Texaco v. Sanderson* confirmed that the "plaintiffs are entitled to discover evidence of defendants' safety policies and practices as they relate to the circumstances involved in their allegations," but they were not entitled to all documents "on the subject of safety, without limitation as to time, place or subject matter." 898 S.W.2d at 815. As the issue was presented to the trial court, and as reflected in the record before us, there is no basis to second-guess the trial court's conclusion that the discovery request is tailored to provide discoverable information reflective of HEB's policies and practices as they relate to the circumstances

13

involved in Campbell's allegations, and there is no evidentiary basis to conclude that the order is not appropriately limited as to time, place, and subject matter.

## V. CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus, the response thereto, and relator's reply, is of the opinion that relator has not shown itself entitled to the relief sought. Accordingly, the petition for writ of mandamus is DENIED. *See* TEX. R. APP. P. 52.8(a).

_____
ROGELIO VALDEZ
Chief Justice

Delivered and filed the
8th day of November, 2010.

14