June L. CRABTREE, Robert E. Crabtree, Doris W. and Curtis L. Ivey, Gerald R. Kinross, Jacob Bornstein and Samuel Bornstein, suing on behalf of themselves and of all others similarly situated, Plaintiffs,

v.

HAYDEN, STONE INCORPORATED, Defendant.

No. 67 Civ. 3968.

United States District Court
S. D. New York.
Dec. 4, 1967.

Landis, Carrow, Bernson & Tucker, New York City, for plaintiffs.

Chadbourne, Parke, Whiteside & Wolff, New York City, for defendant.

MANSFIELD, District Judge.

This is an action by seven stockholders of Inter American Industries, Ltd. ("Inter American" herein) against the defendant, a broker-dealer, alleging that plaintiffs were solicited by the defendant through fraudulent representations to purchase Inter American stock, which had not been registered with the S. E. C. as required by the Securities Act of 1933, in violation of §§ 5 and 12 of the Securities Act of 1933 and the anti-fraud provisions of § 17 of the Securities Act and § 10(b) of the Securities Exchange Act of 1934. More specifically, it is alleged that plaintiffs were induced to purchase their stock by fraudulent solicitation on the part of one Richard Markey, defendant's registered representative. Plaintiffs seek damages and attorneys' fees.

In addition, plaintiffs seek, pursuant to Rule 23, F.R.Civ.P., to prosecute the action as a class action on behalf of all customers of defendant who were solicited to purchase Inter American stock. There is no allegation as to the approximate number of such other customers or that they were solicited or defrauded, other than the claim, made on information and belief, that total purchases of Inter American stock from the defendant amounted to $250,000, of which plaintiffs' purchases amounted to $44,755.

By order to show cause dated November 17, 1967 plaintiffs moved, pursuant to Rule 34, F.R.Civ.P., for production of certain records. Items (a) and (b) of plaintiffs' motion, which seek all records showing all purchases and sales by or through defendant of Inter American shares from January 1 to May 18, 1967 and all records showing how many of such transactions were handled by Markey and defendant's other registered representatives, the names of such other representatives, and the details of all such other transactions, except for the names of purchasers or sellers, are denied for lack of a showing of good cause. Plaintiffs frankly seek these records for the purpose of determining whether they may induce the Court to permit them to prosecute the action as a class action under Rule 23. However, before plaintiffs will be permitted to invoke Rule 34 to impose upon defendant the burden of

producing such records, plaintiffs must come forward with some evidence that such other customers were solicited or defrauded, and apparently for such purpose plaintiffs have already commenced the taking of Markey's deposition. Furthermore, without suggesting that plaintiffs' counsel contemplates any improper or unethical conduct in violation of the Canons of Professional Ethics, the effect of granting plaintiffs' motion with respect to Items (a) and (b) would be to pave the way for stirring up or soliciting other stockholders to join in the action. Such procedure will not be tolerated, since the purpose of the pre-trial discovery rules, including Rule 34, is to enable the parties to prepare for trial with respect to their own bona fide existing claims, not to determine whether third parties may have similar claims. Thus Cherner v. Transitron Electronic Corp., 201 F.Supp. 934 (D.Mass.1962), denied a Rule 34 motion for the production of various stockholders lists, after it had been assumed that Rule 23 stockholders class actions under the Securities Act of 1933 were properly pleaded. In *Cherner* Judge Wyzanski took the position that "Rule 23 should not be used 'as a device to enable client solicitation.' Bain and Blank, Inc. v. Warren Connelly Co., 19 F.R.D. 108, 111 (S.D.N.Y.1956)" 201 F. Supp. at 936. Accord Neuwirth v. Merin, 267 F.Supp. 333, 335 (S.D.N.Y.1967) (Herlands, J.).

■ Items (c) and (d) of plaintiffs' motion are granted to the extent that the defendant is required, within a reasonable time, to produce all unprivileged records in its possession, custody or control which indicate, reveal or refer to any solicitation by defendant or its registered representatives of customers for the purcase of Inter American stock or any representation made by any of them to customers in connection with the purchase of such stock. In view of the representations of defendant's counsel as to the

burdensomeness of such production, the parties are directed to settle an order establishing the time schedule for such production.

Settle order.