COMMERCIAL TRAVELERS LIFE IN-
SURANCE COMPANY, Relator,

v.

Franklin S. SPEARS et al., Respondents.

No. B–3256.

Supreme Court of Texas.

July 19, 1972.

Rehearing Denied Oct. 4, 1972.

Thompson, Coe, Cousins, Irons & Porter, Larry L. Gollaher, Dallas, for relator.

Groce, Locke & Hebdon, Charles R. Shaddox, San Antonio, for respondents.

REAVLEY, Justice.

This original mandamus proceeding attacks the validity of an order of a trial judge directing discovery of the insurance company's claim files, by which the names and addresses of the members of an alleged class, whose members' claims were denied for a common reason, are to be revealed to their representative in the class action. Commercial Travelers Life Insurance Company, relator, complains of Honorable Franklin S. Spears, Judge of the 57th Judicial District Court of Bexar County, and of Rose Richter, by and through her next friend, Edward L. Fort, Jr., individually, and as class representative. Judge Spears, sitting as Judge of the 73rd Judicial District Court, entered the discovery order on February 24, 1972, in Cause No. F–230,548, which order relator seeks to have vacated by writ of mandamus.

Rose Richter on December 2, 1970 brought suit against the relator insurance company claiming that she owned an accident and hospitalization insurance policy under which the insurance company was obligated to pay her hospital and medical expenses in the amount of $370 or more,

but that the company refused to pay the same on the ground that the policy did not duplicate payments made by Medicare to the policyholder. She also asked for 12% penalty, attorney's fees in the sum of $7,500, and $5,000 in exemplary damages on the ground that the company was guilty of fraud and the intentional and malicious denial of her rights. Her petition in that cause further alleged that the insurance company "has consistently denied any and all claims . . . by other members of the class represented by plaintiff since the institution of Medicare benefits or shortly thereafter." The suit was brought as a class action on behalf of other policyholders whose claims were denied on this ground.

Rose Richter subsequently served interrogatories on the insurance company under Rule 168, Tex.Rules Civ.Proc., asking that each claim be identified which had been submitted to the company after July 30, 1965 but denied in whole or in part because of coverage by Medicare. The company objected to this interrogatory on the grounds that it was unduly burdensome and oppressive. A hearing was held by the trial court where attorneys for Rose Richter produced interoffice correspondence of the insurance company which tended to prove that the company policy was to deny claims for expenses covered by Medicare benefits. Judge Spears then entered his order of February 24, 1972 which required the insurance company to examine at least 5,000 files a week and to furnish a copy of the "claim sheet" from each file showing denial of payment because of Medicare. The application of the company to assess the costs of compliance with the order against Rose Richter was denied, but leave was given to the company to apply later "for an allowance for its costs in answering defendant's interrogatories to be proportionately assessed against any recovery which might be made in behalf of individual 'class' members."

The company has disclosed all of its records related to the personal claim of Rose Richter. The only question pertains to the search and production of information (names, addresses and something of the claim) from the files of members of the class as designated by Rose Richter's petition.

■ If the information sought is not discoverable, a mandamus will issue to set aside the order. Russell v. Young, 452 S. W.2d 434 (Tex.1970). Since the material is not relevant to the individual claim of Rose Richter, the justification of its discovery depends entirely upon the purported class action. The propriety of that action becomes the question for decision.

■ Assuming for present purposes the truth of the allegations of the petition and the testimony submitted to the trial court in support thereof, the suit below has the characteristics of a class action under Rule 42(a) (3), Tex.Rules Civ.Proc. There is an identifiable class of persons so numerous as to make it impracticable to serve all with citation and to make them parties in this suit. The common question of law is the applicability of this court's holding in Black v. American Bankers Insurance Company, 478 S.W.2d 434 (Tex.1972) to the insurance policies held by the members of this class. The trial court has found that Rose Richter is an adequate representative of the class and, although we do not pass upon the matter, the vigor displayed by counsel tends to support that decision.

This is not a true class action, as would bind members of the class who do not personally intervene, since there is no joint right or common ownership at stake. Rose Richter argues that a full recovery can be made on behalf of absent and unnamed members of the class under the authority of Richardson v. Kelly, 144 Tex. 497, 191 S.W.2d 857 (1945), cert. denied, 329 U.S. 798, 67 S.Ct. 487, 91 L.Ed. 683. In that case the receiver of an insolvent insurance interchange had sued some of its subscribers to assess those named as well as all subscribers for the amount of one annual premium due by each. All subscribers

were the members of the class, and this court held that all were bound by the judgment. It is true that the liability of each subscriber was several and not joint, but there was a duty to pay assessments on the part of all which resulted in a "unity between them in the fund from which their rights were to be enjoyed." 191 S.W.2d 863. The common fund provided insurance against losses for the subscribers. The common obligation to the fund and the common interest in that fund on the part of all of the subscribers was essential to the decision of the majority of the court. This is inapplicable to the case at hand. There is no right or unity in a common fund. The nature or size of the separate claim of each member of the class does not affect in any way the right of other members of the class. There is no relationship of any nature between the members of this class and Rose Richter. The only common ground contended is that each member was denied a claim by the same defendant company for the same reason. It is not a true class action. See Caswell v. Reserve National Ins. Co., 234 So.2d 250 (La.App.4th Cir. 1970, writ ref. 256 La. 364, 236 So.2d 499).

The class action is that type commonly known as "spurious." The federal courts generally regarded this type of class action as being of very little utility under Fed.R. Civ.P. 23(a) (3) in its pre-1966 form, which was the same as the present Texas Rule 42(a) (3). It was said that allegations of the interests of the class added nothing to the cause of the class representative and only served to invite the unnamed class members into the litigation and put the court on notice of a larger significance of the litigation. Nagler v. Admiral Corporation, 248 F.2d 319 (2nd cir. 1957); All American Airways, Inc. v. Elderd, 209 F.2d 247 (2nd cir. 1953); 1 McDonald, Texas Civil Practice, Sec. 3.34.1 (1965). It has also been said that this provision has no place in state practice and that it should be eliminated from the rule. Frumer, Multiple Parties and Claims in Texas, 6 Sw.L.J. 135, 160 (1952); Note, 55 Yale L.J. 831, 832 (1946).

■ The recovery sought by Rose Richter on behalf of other class members cannot be granted. The amount of the claim, if any, owed to persons who do not intervene is immaterial. The only purpose to be served by this discovery is to obtain the names of potential parties to the end that those persons might be notified and bring themselves into the suit as named parties rather than as unnamed members of the class. We agree with two federal judges who decided, in similar situations, that the rule "should not be used as a device to enable client solicitation." Cherner v. Transitron Electronic Corp., 201 F.Supp. 934, 936 (D.Mass.1962); Crabtree v. Hayden, Stone Incorporated, 43 F.R.D. 281 (S.D.New York 1967). No criticism is intended of present counsel, for their ethical standards and motivation are commendable.

The discovery order is improper and must be vacated. The writ of mandamus will issue only if necessary.