**GENERAL MOTORS CORPORATION,**
**Relator,**

v.

**Honorable R.W. LAWRENCE,**
**Judge, Respondent.**

**No. C–1763.**

Supreme Court of Texas.

June 8, 1983.

Fulbright & Jaworski, Frank G. Jones and James B. Sales, Houston, Strasburger & Price, Royal H. Brin, Jr., and W. Richard Davis, Dallas, for relator.

Werner & Rusk, Ray Hensarling and L. Giles Rusk, Houston, Sallas, Meriwether & Pemberton, J.B. Sallas, Herbert L. Morgan, Crockett, for respondent.

CAMPBELL, Justice.

This is an original mandamus proceeding. General Motors seeks a writ of mandamus to compel Judge Lawrence to grant its Motion to Modify a discovery order in *Smith v. General Motors,* Cause No. 80–217, pending in the Third Judicial District Court of Houston County, Texas.

The underlying cause of action is a products liability and wrongful death suit arising from a truck collision. The Smiths contend the defective design of the truck involved allowed the fuel filler neck to shear off when the truck rolled over, which caused gasoline to spill and the truck to catch on fire. The gasoline tank of the truck was located inside the cab, behind the seat and had a fuel filler neck protruding from the cab's side.

The Smiths served General Motors with interrogatories, requests for production, and requests for admissions in August 1981. General Motors filed objections to most of the interrogatories and requests for production. Notwithstanding its objections, General Motors partially responded to the interrogatories but denied all of the requests for admissions. The Smiths requested sanctions against General Motors, alleging failure to answer the interrogatories fully and procrastination in producing the requested documents. A hearing was held on this motion in January 1982. On August 2, 1982, Judge Lawrence made a docket entry ordering General Motors to respond to the interrogatories and produce the requested documents by September 15, 1982.

General Motors next requested that Judge Lawrence modify his August 2 docket entry to limit discovery to vehicles for the model years 1949 to 1972. The motion also requested that the discovery of the

crash tests be limited to side-impact test reports. This motion to modify was overruled. After the Smiths filed a second motion for sanctions, General Motors filed its motion for leave to file a petition for writ of mandamus in this Court.

■ Although as a general rule, mandamus will not lie to compel the performance of a discretionary act, *Pat Walker & Co. v. Johnson,* 623 S.W.2d 306 (Tex.1981), we have held mandamus is available to correct a clear abuse of discretion in a discovery matter. *Commercial Travelers Life Insurance Co. v. Spears,* 484 S.W.2d 577 (Tex. 1972). We must determine, therefore, whether Judge Lawrence's refusal to modify the discovery order was an abuse of discretion.

■ General Motors argues that because certain requests for production and interrogatories were too broad in scope and sought production of non-relevant information, producing the requested information would be unduly burdensome and expensive. It contends it is entitled to the extraordinary remedy of mandamus because the harm it would suffer in having to produce this material could not be cured on appeal; the time and money would already have been expended in producing information not relevant to the Smiths' suit.

Typical of the interrogatories submitted by the Smiths is the following:

7. Has GENERAL MOTORS, its divisions or subsidiaries, agents, insurers or other persons acting on your behalf, made any investigation as to causes of fuel spills resulting from damage to filler necks protruding from any vehicles designed, manufactured or sold by GENERAL MOTORS CORPORATION? If so, for each such investigation, state:

a. The name and address of person/persons conducting said investigation.

b. Date of the investigation.

c. Results of the investigation.

d. The name, address, occupation and employment of the custodian of records of such investigation.

This is a very broad request. "Vehicle" is an expansive term and has been defined to include locomotives, airplanes, submarines, satelites, lunar probes, tractors, farm equipment, tanks and half-tracks. Webster's Third New International Dictionary at 2538 (1976). Further, the request is not limited to any time period. The vehicle involved in this suit is a 1966 Chevrolet chassis cab truck. General Motors argues the request for discovery, would require producing information on all automobiles it has manufactured since 1908, as well as data on locomotives and tanks.

The Smiths' counsel admitted at the hearing on the motion to modify that his clients were interested only in "test results pertaining to in-cab gas tanks and through the cab filler necks from 1949 to 1972." In response to General Motor's argument at the hearing that the discovery should be limited to side-impact tests, the Smiths' attorney responded:

I think the pertinent point and the main point is trucks with the tanks behind the seat in the cab with the filler neck sticking out the left side of the cab. I think we're entitled to all test results in those trucks from 1949 to 1972, whether they were hit from the side, front, or a ten-ton weight dropped on them or whatever.

More recently, in their Reply to Petition for Writ of Mandamus, the Smiths state:

A careful review of Plaintiffs' request for production and interrogatories, as well as GM's initial responses to those requests for production and interrogatories ... reveals that Plaintiffs' interest is in "trucks in which the gasoline storage tank was located within the passenger cab and in which the gasoline filler pipe protruded from the side of the truck."

Additionally, counsel for General Motors asserts an oral agreement was reached between himself and the Smiths' attorney following the hearing on the motion to modify. The parties' attorneys apparently agreed that the Smiths would restrict their request for production and interrogatories to trucks with in-cab fuel tanks, for the vehicles,

regardless of the direction of impact. At oral argument in this Court, the Smiths' counsel admitted he made the agreement. However, because of General Motors' delay and its failure to provide the information requested in a meaningful manner, counsel argues General Motors must produce everything originally ordered by the trial court.

We hold Judge Lawrence's discovery order was overly broad in compelling discovery of all General Motors' vehicles for all model years. Surely information on all "vehicles" designed, manufactured or sold by General Motors is not relevant to this action. Counsel for the Smiths has indicated by statements to the trial court and to this Court and by the terms of the agreement the material he considers relevant. Under these facts, it was an abuse of discretion for Judge Lawrence to refuse to limit discovery of information to vehicles relevant to this suit. Discovery should be limited to records of trucks for model years 1949 through 1972, and should include all impact test results, regardless of the direction of impact.

Since *Crane v. Tunks,* 160 Tex. 182, 328 S.W.2d 434 (1959), this Court has been flooded with mandamus actions to either compel or deny discovery. Although this court has extensively revised the discovery rules to expedite discovery, the revisions have not solved the abuse of the discovery process caused by overly broad requests, delay in production, or production of material in a meaningless manner. The discovery rules provide for sanctions which, if used, might possibly discourage these practices. *See* T.R.C.P. 170, 215a. Compelling discovery of non-relevant material, however, is not one of the available sanctions under our rules.

We anticipate Judge Lawrence will vacate his docket entry of August 2, 1982 and will enter an order consistent with this opinion. Should he fail to do so, the Clerk of the Supreme Court shall be instructed to issue the writ of mandamus.

Concurring opinion by RAY, J.

WALLACE, J., notes his dissent.

RAY, Justice, concurring.

I concur with the opinion of the Court as much for what it says as what it does not say. The narrow basis of the Court's opinion rests upon the agreed scope of relevant information the plaintiffs actually desired and expressed in the record. Essentially, the Court has determined that discovery orders should not exceed the intended scope expressed by the requesting party: a discovery order exceeding such parameters is overly broad.

The opinion cannot be construed as an expression of limitation upon discovery in vehicular crashworthiness and/or design defect cases. We do not say that discovery should be limited to information regarding the particular vehicle model involved in the cause of action. Alleged defects in one product line may or may not be relevant to alleged defects in another product line of the same manufacturer. In passing upon the relevancy and materiality of such information sought to be discovered, the various remedies sought by a plaintiff and the burdens of proving entitlement to such remedies must be kept in mind. For example, the scope of discovery in product defect cases may be permissibly wide, especially where the plaintiff is alleging grounds for the award of exemplary damages.