Keith DAVIS, Relator,

v.

Honorable Robert C. PATE, Presiding Judge of the 28th District Court of Nueces County, Texas, Respondent.

No. 13–95–454–CV.

Court of Appeals of Texas, Corpus Christi.

Jan. 4, 1996.

Rehearing Overruled Feb. 22, 1996.

C.M. Henkel, III, Henkel, Hyden & Sanders, Corpus Christi, for Interested Party.

William R. Edwards, III, Edwards, Terry, Baiamonte & Edwards, Corpus Christi, Kelley Sue Putney, Edwards Terry Baiamonte & Edwards, Corpus Christi, J. Mitchell Clark, Corpus Christi, for Relator.

Before YAÑEZ, CHAVEZ and RODRIGUEZ, JJ.

**OPINION**

RODRIGUEZ, Justice.

In this original mandamus proceeding, the relator, Keith Davis, complains that the trial court abused its discretion in failing to protect him from overly broad discovery requests and failing to uphold the witness statement privilege. We conditionally grant mandamus relief.

Davis filed suit against the Bank of Robstown and William D. Dodge, III, for defamation, slander, and negligent misrepresentation/advertising. Davis was employed by the Bank under the supervision of Dodge for a period of eight years. He subsequently applied for employment as a finance and insurance manager with an automobile dealership. Upon inquiry by the dealership, Dodge allegedly slandered Davis by stating that he was fired from the bank, that he was

not a good "people person," and that they would not recommend him for employment.

In the course of discovery, the Bank sent Davis an Amended Notice Duces Tecum of Intention to Take Oral Deposition requesting Davis to produce a list of various documents. The requests which are presently in issue are as follows:

1. Produce any and all documents which evidence, reflect or pertain in anyway to your contention that The Bank of Robstown and/or William D. Dodge III consistently tried to blame you for things that were going wrong at The Bank of Robstown such as non-performing loans, shortages of Defendant's earnings, customer relations, overages and shortages in Defendant's special accounts such as loan loss reserves.

2. Produce any and all documents which evidence, reflect or pertain in anyway to your contention that The Bank of Robstown and/or William D. Dodge III had a personal animosity towards you.

3. Produce any and all documents which evidence, reflect or pertain in anyway to your contention that The Bank of Robstown and/or William D. Dodge III made slanderous statements to the general public.

4. Produce any and all documents which evidence, reflect or pertain in anyway to your contention that you were defamed and/or slandered by The Bank of Robstown and/or William D. Dodge III as referred to in Paragraph IV of Plaintiff's Original Petition.

5. Produce any and all documents which evidence, reflect or pertain in anyway to your contention that the alleged slanderous statements injured you in your profession as a banker, finance/credit manager.

6. Produce any and all documents which evidence, reflect or pertain in anyway to your contention that you had a good reputation and rapport throughout the professional community and personal community.

7. Produce any and all documents which evidence, reflect or pertain in anyway to your contention that the alleged defamatory and/or slanderous statements about you were made in bad faith and with malice by The Bank of Robstown and/or William D. Dodge III.

8. Produce any and all documents which evidence, reflect or pertain in anyway to your contention that The Bank of Robstown and/or William D. Dodge III harbored feelings of ill-will and hatred against you.

9. Produce any and all documents which evidence, reflect or pertain in anyway to your contention that The Bank of Robstown and/or William D. Dodge III engaged in negligent misrepresentation/advertising as alleged in Paragraph VI of Plaintiff's Original Petition.

10. Please produce any and all correspondence of memoranda of telephone calls which evidence, reflect or pertain in anyway to any communication between Plaintiff and Defendant or their agents concerning the subject matter of allegations of this lawsuit.

11. Please produce any and all correspondence or memoranda of telephone calls which evidence, reflect or pertain in anyway to any communication between Plaintiff and any third parties concerning the subject matter or allegations of this lawsuit.

12. Please produce any and all correspondence or memoranda of telephone calls which evidence, reflect or pertain in anyway to any communication between Defendant and any third parties concerning the subject matter or allegations of this lawsuit.

\* \* \* \* \* \*

16. Please produce any and all documents consisting of, evidencing, referring or relating to any contacts or communications concerning the subject matter of this litigation between Plaintiff, his agents, servants, employees and/or representatives and defendants, their agents, representatives, servants and/or employees.

17. Please produce any and all documents and tangible things and/or all tape recordings, videos, electrical or mechanical recordings or transcriptions, evidencing, reflecting or pertaining in anyway to the subject matter of this litigation.

18. Please produce copies of any and all photographs that evidence, reflect or pertain in anyway to the subject matter of this litigation.

\* \* \* \* \* \*

21. Please produce any and all documents which evidence, reflect or pertain in anyway to any damages you contend you suffered as a result of the conduct of The Bank of Robstown.

22. Please produce any and all documents which evidence, reflect or pertain in anyway to any damages you contend you suffered as a result of the conduct of William D. Dodge III.

\* \* \* \* \* \*

25. Please produce any and all documents which evidence, reflect or pertain in anyway to any lost profits you contend you suffered as a result of the conduct of The Bank of Robstown.

26. Please produce any and all documents which evidence, reflect or pertain in anyway to any lost profits you contend you suffered as a result of the conduct of William D. Dodge III.

Attached to the notice were certain definitions and instructions, including a nearly page long definition of "documents." The definition of "documents" included "writings of every kind, source, and authorship," as well as *other forms of recorded communication*.

Davis moved for protection from this discovery, on the basis that the requests violated various exemptions and privileges, "did not set forth items to be inspected either by individual item or by category, and did not describe each item and category with reasonable particularity."

The trial court sustained some objections, the plaintiff withdrew others, and the trial court denied objections to the 19 requests set forth above.

Davis first contends that the trial court abused its discretion in failing to protect him from the overly-broad discovery requested by the Bank.

Mandamus will issue only to correct a clear abuse of discretion or violation of a duty imposed by law when that abuse cannot be remedied by appeal. *Walker v. Packer,* 827 S.W.2d 833, 840 (Tex.1992). Under the *Walker* test, mandamus has consistently been held to be a proper remedy when the trial court abuses its discretion by compelling overly-broad discovery. *Dillard Department Stores, Inc. v. Hall,* 909 S.W.2d 491 (Tex. 1995); *Texaco, Inc. v. Sanderson,* 898 S.W.2d 813, 815 (Tex.1995).

Texas Rule of Civil Procedure 201(3), addressing a party's duty to appear and produce requested documents at a deposition, compels production of such documents "if the notice [to take the deposition] sets forth the individual items or categories of items to be produced with reasonable particularity."[1]

In *Loftin v. Martin,* 776 S.W.2d 145, 148 (Tex.1989), the Texas Supreme Court held a request for production of "all notes, records, memoranda, documents and communications made that the [party] contends support its allegations [in the underlying lawsuit]," to be vague, ambiguous, and overbroad, such that the trial court was within its sound discretion in sustaining an objection thereto. The Supreme Court noted that, although the parties may use interrogatories and depositions to "fish" and "explore" for possibilities, requests for production of documents "must be specific, must establish materiality, and must recite precisely what is wanted ... [and] does not permit general inspection of the adversary's records." *Id.* at 148 (quoting Steely and Gayle, *Operation of the Discovery Rules,* 2 Houston L.Rev. 222, 223 (1964)); *see also Dillard; Texaco,* 898 S.W.2d at 815; *General*

---

1. Texas Rule of Civil Procedure 167, concerning request for production of documents and things generally, sets forth a like requirement that the request "set forth the items to be inspected either by individual item or by category, and describe each item and category with reasonable particularity." Tex.R.Civ.P. 167(1)(c). We perceive no substantive difference between the requirements for specificity in these two rules. *See Green v. Lerner,* 786 S.W.2d 486, 489 (Tex.App.—Houston [1st Dist.] 1990, orig. proceeding) (Rule 167 provides guidance regarding the degree of specificity required of a party objecting to a subpoena duces tecum).

*Motors Corp. v. Lawrence,* 651 S.W.2d 732 (Tex.1983).[2]

■ The Supreme Court concluded that a party must formulate his request for production with sufficient specificity to allow compliance. Accordingly, a request for all evidence that supports an opposing party's allegations, but which does not identify any particular class or type of documents, amounts to merely an improper request to be allowed to generally peruse all evidence the opposing party might have. *Loftin,* 776 S.W.2d at 148.

■ However, a request for "any and all" documents does not in itself violate the specificity requirements of *Loftin,* so long as the request is further restricted to a particular type or class of documents. *Chamberlain v. Cherry,* 818 S.W.2d 201, 204 (Tex.App.—Amarillo 1991, orig. proceeding).

In the present case, we conclude that requests 17 and 18 requiring the production of documents and other items generally "evidencing, reflecting or pertaining in anyway [sic] to the subject matter of this litigation," are not sufficiently specific under the guidelines of *Loftin.* Although the Bank contends that it eliminated the specificity problem by defining the term "documents" to include a large number of specific types of communicative media (e.g., "handwritten, typewritten, printed, photocopied, photographic, or recorded matter"), we do not believe that this cures the error. The error is not that the term "documents" is uncertain, but rather that the class of documents requested, with regard to subject matter and content, is un-

certain and open to speculation. Accordingly, the trial court abused its discretion in failing to sustain Davis' objections to these requests.

■ The remaining requests each specify a particular subject matter to which the request is limited such that they are sufficiently restricted to a particular type or class of documents. *See Chamberlain,* 818 S.W.2d at 205. These requests each specify a particular aspect or element of the claims that Davis has already brought against the Bank in the underlying lawsuit. Unlike the plaintiffs in *Dillard, Texaco,* and *General Motors* who were attempting to fish for additional causes of action or theories, the defendant Bank in the present case is merely trying to discover the nature of the claims that have already been brought against it; as such, it is not so much a "fishing trip" as merely a request for the opposing party to put their cards on the table. Accordingly, we do not believe that the trial court abused its discretion in overruling Davis' objections to the remaining requests for production of documents.

Davis also complains that a specific item which is subject to one of the Bank's overly-broad requests has been wrongfully ordered produced in spite of the fact that it is exempt from discovery as a witness statement.

After the initial hearing on the Motion for Protection, and pursuant to request 17, the Bank moved to compel production of a tape recording pertaining to the subject matter of the lawsuit[3]. Davis opposed the motion to compel on the ground that the tape recording

---

2. There is a logical distinction between a request that is overbroad and a request that lacks the requisite specificity, although as a practical matter the two objections may often be lodged against the same request. A complaint of overbreadth may be very specific about the documents asked for, yet those documents may be of such great number and of such speculative relevance to the litigation that it would be unjust to require their production. *See Dillard* (false arrest case in which plaintiff sought to explore for any documents that might also allow him to allege racial discrimination); *Texaco* (plaintiff in toxicant exposure case attempted to discover all documents that might prove a general corporate strategy to ignore safety laws of any kind); *General Motors* (plaintiff in a products liability lawsuit requested General Motors to produce information regarding any vehicles designed,

manufactured or sold by the corporation, without limiting it to the particular type of vehicle and design defect in issue).

In the present case, as in *Loftin,* the problem is not that the request requires the opposing party to produce an unreasonably large amount of documents at significant expense and inconvenience, but that there is no reasonable means of identifying the particular class or type of documents to be produced without opening the opposing party's files generally to the inspection of the party requesting production.

3. One of Davis' friends, Earl Etter, had tape recorded a telephone call that he made to Davis' prospective employer. Etter apparently recorded the conversation at Davis' request and provided it to Davis.

was protected by a number of privileges, including the witness statement exemption. After further hearings on the matter, the trial court ordered production of the tape recording.

We need not determine at this time whether the tape is discoverable. Because request for production 17 lacks the specificity required by *Loftin*, Davis is not required to produce the tape recording. If and when a proper discovery request for the recording is made, Davis must then have the opportunity to assert any claim of privilege. *See Texaco*, 898 S.W.2d at 815.

We conditionally grant a writ of mandamus ordering the trial court to vacate that portion of its original order overruling Davis' objections to the Bank's requests for production numbered 17 and 18, as well as the orders compelling production of the tape recording. However, the writ will not issue unless the trial court fails to comply with the opinion of this Court.