**Petition for Writ of Mandamus Granted in Part and Denied in Part, and Memorandum Opinion filed October 4, 2011.**



**In The**

# Fourteenth Court of Appeals

### NO. 14-11-00138-CV

## IN RE DOW AGROSCIENCES LLC AND THE DOW CHEMICAL COMPANY, Relators

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**11th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2010-29975**

## MEMORANDUM OPINION

On February 22, 2011, relators Dow Agrosciences LLC and The Dow Chemical Company (collectively referred to as "Dow") filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. §22.221; *see also* Tex. R. App. P. 52. In the petition, Dow asks this court to compel the Honorable Mike Miller, presiding judge of the 11th District Court of Harris County to vacate his February 8, 2011 order.

## Background

Cooper Industries and ABB signed a Settlement and License Agreement on October 7, 2005, which resolved a 2003 lawsuit in which Cooper alleged that ABB's BIOTEMP product infringed several patents owned by Cooper. BIOTEMP is a vegetable oil based dielectric fluid used to electrically insulate and thermally protect electrical distribution and power equipment such as transformers. Cooper holds the patents on BIOTEMP.

According to Cooper, the Settlement and License Agreement granted ABB certain rights with regard to six patents owned by Cooper, including the right to manufacture BIOTEMP. The six patents are defined in the Settlement and License Agreement as the "Cooper Patents." Any reference herein to the Cooper Patents, by definition refers to those six patents addressed in the agreement.

According to ABB, the Settlement and License Agreement allowed it to license BIOTEMP and contract with another company to manufacture BIOTEMP. ABB contracted with Dow to have Dow manufacture BIOTEMP.

In 2009, Cooper sued ABB in the 334th District Court in Harris County for breach of the Settlement and License Agreement. That suit is still pending. In January 2010, Dow filed a patent infringement suit in federal district court in Indiana against Cooper. According to its pleadings, Dow has developed a canola oil-based transformer fluid. In the Indiana case, Dow seeks a judgment declaring that its canola oil-based fluid does not infringe ten of Cooper's patents, including the six Cooper Patents for BIOTEMP. Both parties agree that BIOTEMP is not a canola oil-based product.

This mandamus proceeding arises from yet another lawsuit pending in the 11th District Court in Harris County. In that suit, Cooper asserted claims for tortious interference and civil conspiracy against Dow. Cooper alleges that Dow interfered with

2

the Settlement and License Agreement by (1) manufacturing BIOTEMP for ABB, and (2) receiving assistance from ABB in suing Cooper in Indiana federal court.

## Discovery Request

Cooper served a request for production on Dow for all documents relating to communications between ABB and Dow concerning (1) the Settlement and License Agreement; (2) any agreement between ABB and Dow concerning any agreement between ABB and Cooper; and (3) BIOTEMP. Cooper further requested any and all documents relating to communications between ABB and Dow concerning (1) any "Other Vegetable Oil-Based Dielectric Fluid;" (2) any Cooper patents; (3) the litigation between Dow and Cooper in Indiana federal court; (4) any indemnity agreement between ABB and Dow concerning the Cooper Patents, BIOTEMP, or any "Other Vegetable Oil-Based Dielectric Fluid;" and (5) sales to ABB of BIOTEMP or "Other Vegetable Oil-Based Dielectric Fluid."

Dow objected to Cooper's requests on grounds that the requests (1) call for information protected by the attorney-client privilege; (2) seek information that would disclose trade secrets; (3) seek information beyond the scope of or in violation of the Rules of Civil Procedure; (4) call for documents not generated, maintained, or received in the ordinary course of Dow's business; (5) seek technical information without providing definitions; and (6) are overbroad, unduly burdensome and oppressive because they seek discovery concerning other suits not relevant to the issues raised in the underlying suit in the 11th District Court.

## Trial Court's Ruling

The 11th District Court held a hearing on January 28, 2011, during which the parties agreed that the decision on trade secret and attorney-client privileges would be

delayed until a privilege log could be prepared.  Dow argued that Cooper impermissibly is seeking information for vegetable oil-based dielectric liquids other than BIOTEMP.

On February 8, 2011, the court signed an order overruling Dow's "General Objections" to Cooper's requests for production.  The court ordered production of the documents by 5:00 p.m. February 28, 2011.  On February 24, 2011, this court stayed discovery.

On March 3, 2011, the parties notified this court that Dow had removed the case to the United States District Court for the Southern District of Texas, Houston Division. This court abated the original proceeding.

On July 20, 2011, relators filed a notice informing the court that the case had been remanded to the 11th District Court.  Cooper filed a motion to lift the abatement, which this court granted.  We now address the merits of Dow's petition for writ of mandamus.

**Grounds Raised in Petition for Writ of Mandamus**

Dow contends that the 11th District Court's February 8, 2011 discovery order is an abuse of discretion for three reasons.

- The order permits discovery of documents relating to vegetable oil-based products other than BIOTEMP.

- The order permits discovery directed toward patents other than the six Cooper Patents.  Specifically, Dow complains that Cooper seeks discovery relating to patents involved in the federal suit in Indiana.

- The order permits discovery covering time periods before Cooper and ABB signed the Settlement and License Agreement on October 7, 2005.  The trial court permitted discovery of documents from January 1, 2003, which

4

is the date the infringement suit between Cooper and ABB began. Dow argues that discovery should be limited to October 7, 2005 and thereafter.

## Mandamus Standard

Mandamus relief is appropriate only if a trial court abuses its discretion and no adequate appellate remedy exists. *In re CSX Corp*., 124 S.W.3d 149, 151 (Tex. 2003). The heavy burden of establishing an abuse of discretion and an inadequate appellate remedy is on the party resisting discovery. *Id.* The scope of discovery is largely within the trial court's discretion. *In re Colonial Pipeline Co.*, 968 S.W.2d 938, 941 (Tex. 1998). Texas Rule of Civil Procedure 192.3 permits a party to "obtain discovery regarding any matter that is not privileged and is relevant to the subject matter of the pending action, whether it relates to the claim or defense of the party seeking discovery or the claim or defense of any other party." Tex. R. Civ. P. 192.3.

## Analysis

Dow contends that the scope of permissible discovery in this case is limited to BIOTEMP and the six Cooper Patents identified in the Settlement and License Agreement and in Cooper's petition. Dow further contends the trial court ordered discovery that pertains to time periods during which the Settlement and License Agreement did not exist.

### *Scope of Discovery*

An order that compels overly broad discovery is an abuse of discretion for which mandamus is the proper remedy. *Dillard Dep't Stores, Inc. v. Hall*, 909 S.W.2d 491, 492 (Tex. 1995). Because discovery is limited to matters that are relevant to the case, requests for information that are not reasonably tailored as to time, place, or subject matter amount to impermissible "fishing expeditions." *See CSX Corp*., 124 S.W.3d at 152; *Texaco, Inc. v. Sanderson*, 898 S.W.2d 813, 815 (Tex. 1995). Requests for

5

production must be "reasonably tailored to include only matters relevant to the case." *In re Am. Optical Corp.*, 988 S.W.2d 711, 713 (Tex. 1998). However, "[a] reasonably tailored discovery request is not overbroad merely because it may include some information of doubtful relevance." *Id.*

The supreme court rejected on overbreadth grounds discovery requests that encompass time periods, products, or activities beyond those at issue in the case. *See K Mart Corp. v. Sanderson*, 937 S.W.2d 429, 431 (Tex. 1996) (in case involving the plaintiff's abduction from the defendant's parking lot, request for description of all criminal conduct at the location during the preceding seven years held overbroad); *Dillard Dep't Stores*, 909 S.W.2d at 492 (in case of false arrest at a Houston department store, request for every claims file or incident report from every store in the company's chain involving false arrest, civil rights violations, and use of excessive force held overbroad); *Texaco*, 898 S.W.2d at 814–15 (in case involving exposure to toxic chemicals that allegedly caused asbestos-related disease, request for "all documents written by [defendant's safety director] that concern[ed] safety, toxicology, and industrial hygiene, epidemiology, fire protection and training" held overbroad); *General Motors Corp. v. Lawrence*, 651 S.W.2d 732, 734 (Tex. 1983) (in case involving allegedly defective fuel filler necks in a particular model truck, requests concerning fuel filler necks in every vehicle ever made by General Motors held overbroad).

Cooper pleaded that Dow tortiously interfered with the Settlement and License Agreement by (1) manufacturing BIOTEMP and other fluids covered by the Cooper Patents; and (2) interfering with ABB's contractual promises that it would not challenge the validity or enforceability of the Cooper Patents and would not assist any other party in doing so. The Settlement and License Agreement provides in part:

> ABB shall not have the right to grant sublicenses under the Cooper Patents, except to ABB Related Companies.

ABB agrees that it will not challenge the validity or enforceability of any of the Cooper Patents in any court or in the United States Patent and Trademark Office, and it will not assist any other party to do so except to the limited extent ABB is required by the court or government authority to provide information or ABB employees are required to testify pursuant to a writ or order issued by or under authority of any court or government entity.

In its original petition, Cooper alleged that ABB breached the Settlement and License Agreement because Dow has been making BIOTEMP since 2009. Cooper further alleged that ABB breached the agreement by reaching an agreement with Dow to challenge the validity of the Cooper Patents in federal court. Cooper alleged, "As part of that understanding, Dow has filed a lawsuit in United States District Court for the Southern District of Indiana against Cooper, alleging, among other things, that the Cooper Patents and four additional Cooper patents are invalid." In its response to Dow's petition for writ of mandamus, Cooper further asserted that its "theories of the case . . . include the collaborative process between ABB and Dow to create new products that infringe Cooper's patents—and the resulting effort to invalidate those patents."

Cooper alleged two causes of action, one for tortious interference with the Settlement and License Agreement, and another for "civil conspiracy," in which Cooper alleges that Dow and ABB conspired to file suit against Cooper in federal court. The supreme court has defined "civil conspiracy" as "a combination by two or more persons to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means." *Triplex Communications, Inc. v. Riley*, 900 S.W.2d 716, 719 (Tex. 1995). "The 'gist of a civil conspiracy' is the injury that is intended to be caused." *Id.* at 720 (citing *Schlumberger Well Surveying Corp. v. Nortex Oil & Gas Corp.*, 435 S.W.2d 854, 856 (Tex. 1968)). In this context, Cooper alleged that Dow and ABB combined to accomplish the unlawful purpose of tortious interference with the Settlement and License

7

Agreement.  In the agreement, ABB agreed not to challenge the validity or enforceability of the "Cooper Patents."  The "Cooper Patents" were specifically defined in the agreement as "(a) United States Patents Nos. 6,037,537, 6,184,459, 6,352,655, 6,398,986, 6,613,250, and 6,905,638[.]"

We conclude that Cooper's discovery requests for documents relating to any of the Cooper patents other than those defined in the Settlement and License Agreement are overbroad.  We further conclude that discovery for any product other than BIOTEMP is beyond the scope of the pleadings before the court.  Each of Cooper's causes of action takes as its starting point the Settlement and License Agreement.  The agreement is specifically limited to production of BIOTEMP and the six Cooper Patents as defined in the Settlement and License Agreement.  Therefore, the trial court abused its discretion in ordering production of discovery beyond the scope of products or activities in the case.

### *Time Parameter*

Dow further argues that Cooper requested discovery that pertains to time periods during which the Settlement and License Agreement did not exist.  The Settlement and License Agreement was signed October 7, 2005; the trial court ordered discovery of documents and data dating back to January 1, 2003.  At the discovery hearing, Cooper argued that January 1, 2003 was an appropriate starting point because the lawsuit that led to the Settlement and License Agreement began on that date.

The trial court's production order pertaining to documents and information generated after January 1, 2003, is distinguishable from those cases in which the supreme court found discovery requests overbroad because they encompassed an unreasonable time period.  *See, e.g., CSX Corp.*, 124 S.W.3d at 153 (request to identify all safety employees over a 30-year period held overbroad); *In re Am. Optical Corp.*, 988 S.W.2d at 713 (in asbestos case, request for production of nearly every document the defendant

8

had ever produced on any of its products over the course of its fifty years in business held overbroad and of questionable relevancy).  Here, the fact that the discovery requests span the length of the previous suit does not militate the conclusion that the requests are overbroad.  The trial court did not abuse its discretion in permitting discovery dating back to the beginning of the controversy.

## Conclusion

For the foregoing reasons, we conditionally grant partial mandamus relief and direct the trial court to vacate the portion of its order that requires production of discovery on any patents other than the Cooper Patents as defined in the Settlement and License Agreement, and any products other than BIOTEMP.  We are confident the trial court will act in accordance with this opinion.  The writ will issue only if the trial court fails to do so.  With regard to the time parameter set by the court, we deny relators' petition for writ of mandamus.  We lift the stay issued by this court on February 24, 2011.


PER CURIAM



Panel consists of Justices Anderson, Seymore, and Boyce.