

NUMBER 13-16-00287-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE NAVISTAR, INC.

## On Petition for Writ of Mandamus.

# OPINION

**Before Justices Benavides, Perkes, and Longoria
Opinion by Justice Longoria[1]**

Real party in interest, Americorp Xpress Carriers, LLC (Americorp) purchased fifteen International brand tractor-trailer trucks with 13-Liter MaxxForce engines that were manufactured by relator, Navistar, Inc. (Navistar). Americorp subsequently brought suit against Navistar alleging that the Maxxforce diesel engines that power the trucks were

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

defective. Through this original proceeding, Navistar seeks to compel the trial court to vacate its orders requiring the production of discovery pertaining to an investigation by the United States Securities Exchange Commission (SEC) regarding Navistar's representations regarding its development of a "next generation" Maxxforce engine. We deny relief.

## I. BACKGROUND

Navistar manufactures International heavy-duty commercial trucks and MaxxForce diesel engines. Americorp purchased fifteen of Navistar's tractor-trailer trucks to use in its commercial hauling business. The trucks contained 0.5 nitrous oxide 13 liter MaxxForce engines which were subject to the 2010 Environmental Protection Agency (EPA) emission regulations in the Clean Air Act. The trucks used exhaust-gas-recirculation (EGR) technology to reduce engine emissions. The 2010 EPA regulations require that diesel engines meet an emissions level of 0.2 grams of nitrous oxide emissions per brake horsepower-hour. The EPA certified the engines at issue in this case by using emissions credits because they did not meet the 0.2 nitrous oxide standard under the 2010 Clean Air Act.

After experiencing repeated problems with the trucks, Americorp brought suit against Navistar and the seller for "numerous breakdowns of its [t]rucks, specifically the EGR system, EGR coolers, EGR valves, and other components of the [t]rucks and engines." Americorp's causes of action against Navistar included breach of contract, breach of express warranty, breach of implied warranty, and fraud.

In separate legal proceedings, the SEC had charged Navistar's parent company, Navistar International Corp., with misleading investors about its development of a 0.2

nitrous oxide truck engine which used EGR technology to attempt to meet the 2010 EPA emissions standards. The SEC alleged that Navistar mislead investors by failing to fully disclose the company's difficulties in developing a truck engine with EGR technology able to meet the 2010 EPA emissions regulations. Navistar ultimately abandoned its effort to develop the 0.2 nitrous oxide engine with EGR technology and those engines were not sold to the public.

In its case against Navistar, Americorp sought discovery regarding the SEC investigation. The specific discovery requests at issue are as follows:

> REQUEST FOR PRODUCTION NO. 13: Please produce all depositions, statements under oath given in the case, United States Securities and Exchange Commission v. Navistar International Corp., In the United States District Court for the Northern District of Illinois Eastern Division, Civil Action No. 14-cv-10163, including all persons identified in Interrogatory No. 1 of Defendant's Answers to Plaintiffs Second Set of Interrogatories.
>
> REQUEST FOR PRODUCTION NO. 14: Please produce all depositions or sworn statements for Troy Clarke, Dan Ustain, Steve Osterello, Eric Tech, Tim Schick, Jim Hebe, Dennis Mooney, Dee Kapur, Luis Cattani, Ramin Younessi, Tim Celliti, and Dave Bergman in the case United States Securities and Exchange Commission v. Navistar International Corp., In the United States District Court for the Northern District of Illinois-Eastern Division, Civil Action No. 14-cv-10163.
>
> REQUEST FOR PRODUCTION NO. 15: Please produce all documents ordered by the United States District Court for the Northern District of Illinois to be produced to the United States Securities and Exchange Commission in the case, United States Securities and Exchange Commission v. Navistar International Corp., In the United States District Court for the Northern District of Illinois-Eastern Division, Civil Action No. 14-cv-10163, including but not limited to the documents ordered to be produced pursuant to the order entered by the Illinois District Court on June 30th, 2015.
>
> INTERROGATORY NO. 1: Please identify all persons, including but not limited to current and former employees, who have given depositions, statements and/or statements under oath in the S.E.C. case, United States Securities and Exchange Commission v. Navistar International Corp., In the United States District Court for the Northern District of Illinois-Eastern Division, Civil Action No. 14-cv-10163.

Thus, in summary, Americorp sought the identification of "all persons, including but not limited to current and former employees, who have given depositions, statements and/or statements under oath" in the SEC case, and the production of depositions, statements under oath, sworn statements, and documents ordered produced to the SEC in the case pending in United States District Court. Navistar objected to production of this data. The parties exchanged many pleadings regarding this specific discovery and other discovery issues and participated in numerous hearings on discovery issues.

On March 2, 2016, after Americorp filed a motion to show cause for Navistar's failure to produce discovery, the trial court ordered Navistar to produce all documents responsive to these requests for production and to provide a responsive answer to the interrogatory. By order issued on May 2, 2016, the trial court vacated an interim order regarding this discovery, but ordered that the March 2, 2016 order would remain in effect. Pursuant to an agreed stipulation that the parties entered on the record, the trial court further enlarged the scope of the March 2, 2016 order to include discovery regarding an additional related SEC cause pending against Navistar in federal court. The trial court also stayed its discovery order pending mandamus review.

This original proceeding ensued. By two issues, Navistar asserts:

1.      Although the scope of discovery generally is within the trial court's discretion, the Rules of Civil Procedure require trial courts to impose reasonable discovery limits. This mandate includes limitations prohibiting fishing expeditions and guarding against discovery requests not reasonably tailored to include matters relevant to the case. In this case arising from allegations of a breach of warranty and product defect, did the trial court abuse its discretion by compelling discovery on products that were never manufactured for sale by the defendant or used by the plaintiff? Did the trial court further abuse its discretion where the information ordered to be

4

produced was developed as a part of a confidential investigation by a governmental entity?

2. It is well settled that the writ of mandamus will issue if a party is in danger of permanently losing substantial rights because an appellate court will not be able to cure the error by ordinary appeal. When a trial court compels production beyond the reasonable bounds of discovery, including production of patently irrelevant documents, will the writ of mandamus issue?

This Court requested and received a response to the petition for writ of mandamus from Americorp, and further received a reply thereto from Navistar. *See* TEX. R. APP. P. 52.4, 52.8.

## II. STANDARD OF REVIEW

To be entitled to the extraordinary relief of a writ of mandamus, the relator must show that the trial court abused its discretion and that there is no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). The relator has the burden of establishing both prerequisites to mandamus relief, and this burden is a heavy one. *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding). A trial court abuses its discretion if it reaches a decision that is so arbitrary and unreasonable that it amounts to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law. *In re Olshan Found. Repair Co., LLC*, 328 S.W.3d 883, 888 (Tex. 2010) (orig. proceeding); *Walker*, 827 S.W.2d at 840.

A discovery order that compels production beyond the rules of procedure is an abuse of discretion for which mandamus is the proper remedy. *In re Nat'l Lloyds Ins. Co.*, 449 S.W.3d 486, 488 (Tex. 2014) (orig. proceeding); *In re Deere & Co.*, 299 S.W.3d 819, 820 (Tex. 2009) (orig. proceeding) (per curiam); *Texaco, Inc. v. Sanderson*, 898 S.W.2d

5

813, 815 (Tex. 1995) (per curiam). A party lacks an adequate remedy by appeal with regard to an order denying discovery when: (1) the appellate court would not be able to cure the trial court's error on appeal; (2) the party's ability to present a viable claim or defense is vitiated or severely compromised; or (3) the missing discovery cannot be made a part of the appellate record. *In re Ford Motor Co.*, 988 S.W.2d 714, 721 (Tex. 1998) (orig. proceeding).

## III. DISCOVERY

"Parties are 'entitled to full, fair discovery' and to have their cases decided on the merits." *Ford Motor Co. v. Castillo*, 279 S.W.3d 656, 663 (Tex. 2009) (quoting *Able Supply Co. v. Moye*, 898 S.W.2d 766, 773 (Tex. 1995) (orig. proceeding)). The scope of discovery is generally within the trial court's discretion. *In re Graco Children's Prods., Inc.*, 210 S.W.3d 598, 600 (Tex. 2006) (orig. proceeding) (per curiam); *In re CSX Corp.*, 124 S.W.3d at 152. Parties may seek discovery "regarding any matter that is not privileged and is relevant to the subject matter of the pending action . . . ." TEX. R. CIV. P. 192.3(a); *see In re Nat'l Lloyds Ins. Co.*, 449 S.W.3d at 488. Information is relevant if it tends to make the existence of a fact that is of consequence to the determination of the action more or less probable than it would be without the information. *See* TEX. R. EVID. 401. The phrase "relevant to the subject matter" is to be broadly construed. *Ford Motor Co.*, 279 S.W.3d at 664; *see In re Nat'l Lloyds Ins. Co.*, 449 S.W.3d at 488.

It is not a ground for objection "that the information sought will be inadmissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." TEX. R. CIV. P. 192.3(a). However, a party's discovery requests must show a reasonable expectation of obtaining information that will aid in the resolution

6

of the dispute.  *In re CSX Corp.*, 124 S.W.3d at 152.  A request "is not overbroad merely because [it] may call for some information of doubtful relevance" so long as it is "reasonably tailored to include only matters relevant to the case."  *Sanderson*, 898 S.W.2d at 815; *see In re Nat'l Lloyds Ins. Co.*, 449 S.W.3d at 488; *In re Graco Children's Prods., Inc.*, 210 S.W.3d at 600.

## IV. ANALYSIS

Navistar contends that the trial court abused its discretion "by compelling discovery on products that were never manufactured for sale by the defendant or used by the plaintiff" and "where the information ordered to be produced was developed as a part of a confidential investigation by a governmental agency."  Navistar thus asserts that the information is not relevant.  Navistar argues that the 0.5 engine and the 0.2 engine are "different products" which are "different in numerous ways, including with respect to components and calibration."  Navistar further asserts that the trial court's orders compel disclosure and production of information not covered by prior discovery requests or orders.

We first address Navistar's contention that the trial court abused its discretion by ordering discovery regarding an unrelated product that was never manufactured for sale by Navistar or used by Americorp.  Navistar argues, correctly, that the Texas Supreme Court has granted mandamus "in several product-liability cases when a discovery order covered products the plaintiff never used."  *In re Graco Children's Prods., Inc.*, 210 S.W.3d at 600–01 (denying discovery regarding allegedly defective high chairs, swings, strollers, toddler beds, and infant carriers in a case regarding an allegedly defective car seat's five-point harness and harness buckles because there was "no apparent

7

connection between the alleged defect and the discovery ordered"); *see In re Am. Optical Corp.*, 988 S.W.2d 711, 713 (Tex. 1998) (orig. proceeding) (reversing a discovery order regarding respiratory equipment the plaintiffs never alleged they used); *Texaco, Inc. v. Sanderson*, 898 S.W.2d 813, 814 (Tex. 1995) (orig. proceeding) (reversing a discovery order regarding substances to which the plaintiffs never alleged exposure); *Gen. Motors Corp. v. Lawrence*, 651 S.W.2d 732, 734 (Tex. 1983) (reversing a discovery order regarding vehicles without the fuel filler-neck that was allegedly defective).

However, "[w]hether discovery is overly broad in products liability cases depends on whether the order covers products relevant to the case and is reasonable in its scope." *In re Deere & Co.*, 299 S.W.3d at 820; *see In re Graco Children's Prods., Inc.*, 210 S.W.3d at 601; *see also* TEX. R. CIV. P. 192.3 (discovery should be of information "reasonably calculated to lead to the discovery of admissible evidence"). It is thus abundantly clear that discovery pertaining to different products may be relevant to a case even where the products themselves are not the subject of suit. *See, e.g., In re Deere & Co.*, 299 S.W.3d at 821 (allowing discovery of backhoes with handles and step assemblies similar to the allegedly defective product in the case); *In re Graco Children's Prods.*, 210 S.W.3d at 600–01 (requiring a "connection between the alleged defect and the discovery ordered" and thus limiting discovery requests to products containing a harness clip similar to the one utilized in the car seat at issue); *In re Exmark Mfg. Co.*, 299 S.W.3d 519, 529 (Tex. App.—Corpus Christi 2009, orig. proceeding [mand. dism'd]) ("Indeed, because product liability claimants must prove a safer "alternative" design . . . it would be absurd to limit discovery to the specific model at issue because that would necessarily preclude discovery on alternative designs."). Thus, although the products need not be identical,

8

there must be a connection between the alleged defect and the discovery ordered. *In re Exmark Mfg. Co., Inc.*, 299 S.W.3d at 529–30; *see also In re Michelin N. Am., Inc.*, No. 05-15-01480-CV, 2016 WL 890970, at *7 (Tex. App.—Dallas Mar. 9, 2016, orig. proceeding) (mem. op.); *In re Am. Power Conversion Corp.*, No. 04-12-00140-CV, 2012 WL 5507111, at *3 (Tex. App.—San Antonio Nov. 14, 2012, orig. proceeding) (mem. op.).

We conclude that the trial court did not abuse its discretion in ordering the production of the SEC documents and information, even though the SEC investigation concerned the 0.2 engine rather than the 0.5 engine that Americorp purchased, because there is a connection between the alleged defect and the discovery ordered. *See In re Deere & Co.*, 299 S.W.3d at 821; *In re Graco Children's Prods.*, 210 S.W.3d at 600–01; *In re Exmark Mfg. Co.*, 299 S.W.3d at 529–30; *see also In re Michelin N. Am., Inc.*, 2016 WL 890970, at *7. Both engines utilized the EGR technology that is at the basis of this lawsuit and the subject of Americorp's claims for, inter alia, fraud, and the EGR technology was specifically at issue in the SEC investigation. In this regard, one Navistar employee, testifying in the SEC investigation, referred to and compared the 0.5 engine at issue in this case to the 0.2 engine that was the subject of the SEC investigation. Other Navistar employees, in discussing the proposed 0.2 engine, stated that it was "[n]ot a new engine," there are "no equipment changes," and owners of 0.5 engines "won't see a difference" in the 0.2 engine. Navistar itself sought discovery of the SEC documents in a separate lawsuit involving its 0.5 engines. Thus, it was not error for the trial court to permit discovery regarding the SEC investigation.

Navistar further argues that the trial court abused its discretion "where the information ordered to be produced was developed as a part of a confidential investigation

9

by a governmental entity." Navistar contends that the discovery on the SEC investigation involves "highly confidential" information:

> Moreover, any investigation of a company by a governmental entity necessarily involves highly confidential information. As the SEC explains on its own website, SEC investigations "are conducted confidentially to protect evidence and reputations." . . . The law is clear that mandamus is appropriate if a party is in danger of losing important rights, including the right to protect highly confidential information from disclosure when that information is irrelevant to the asserted claims.

Navistar does not argue that any of the SEC data involves trade secret or proprietary business information. It does not provide other argument or present any authority or evidence regarding why the SEC data should be restricted from discovery on grounds that it is confidential. We further note that the parties in this case have an Agreed Protective Order that can be utilized to restrict the use and disclosure of any information produced in discovery. *See* TEX. R. CIV. P. 11, 191.1, 192.6. Accordingly, we conclude that Navistar has not met its burden to establish that the SEC data is precluded from discovery based on its confidentiality. *See McKinney v. Nat'l Union Fire Ins. Co. of Pittsburgh, Penn.*, 772 S.W.2d 72, 75 (Tex. 1989) (stating that if a discovery hearing is held, the objecting party must assume the burden of establishing its privilege, immunity or other objection to the discovery request).

Finally, Navistar argues that the trial court's "orders compel disclosure and production of information not covered by prior discovery requests or orders." Navistar contends that:

> The trial court's prior order [of February 10, 2015] compelling discovery refers to deposition transcripts and video tapes of depositions taken in other EGR related cases." The SEC Investigation is not an EGR related case. It is an investigation. Even if it could be considered a "case," Americorp and the trial court made it clear that the SEC Investigation was not the type of proceeding that would be covered by the prior order.

10

(Record citations omitted). We disagree with Navistar's contention. The SEC material was expressly requested in the specific discovery requests discussed herein, and was ordered produced in the March 2, 2016 and May 2, 2016 orders at issue in this original proceeding. We have concluded that the trial court did not abuse its discretion in ordering the production of the SEC material in the March and May orders, and whether or not the SEC investigation constitutes an EGR related case, as it might pertain to other discovery requests propounded by Americorp, does not affect that determination. Further, to the extent that the trial court's order encompasses two separate SEC investigations, whereas the discovery requests referenced only one, Navistar, without waiving its objections to producing the SEC discovery, stipulated that the SEC discovery encompassed both SEC investigations. Without additional argument or authority, we decline to further address Navistar's contention regarding the February 10, 2015 order in this original proceeding.

## V. CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus, the response, the reply, and the applicable law, is of the opinion that Navistar has not met its burden to obtain extraordinary relief. The trial court has great latitude in controlling discovery, and based on the record presented, the trial court has not abused its discretion by acting unreasonably or arbitrarily. *See In re Colonial Pipeline Co.*, 968 S.W.2d 938, 941 (Tex. 1998) (orig. proceeding). Accordingly, the petition for writ of mandamus is denied.

Nora L. Longoria
Justice

Delivered and filed the
6th day of July, 2016

11